IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VAUGHN NEITA | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No: 14 CV 1107 |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS JANE RADDATZ, Star #1813, M ULDRYCH, Star #6501, CHERIE TRAVIS, DAN CALANDRIELLO and COUNTY OF COOK, | ) ) ) ) ) ) ) ) | Honorable James F. Holderman<br><br>Magistrate Judge Finnegan |
| Defendants. | ) | **Jury Demanded** |

## DEFENDANT CITY OF CHICAGO'S ANSWER TO COUNTS III, IV, AND V OF PLAINTIFF'S COMPLAINT

NOW COMES Defendant, CITY OF CHICAGO (hereinafter referred to as "Chicago"), by and through its attorneys, Marcie Thorp and Joseph P. Carlasare of SmithAmundsen LLC, and hereby respectfully answers Counts III, IV, and V of Plaintiff's Complaint as follows:

### INTRODUCTION:

1. This is a civil action seeking damages against the defendants for committing acts under color of law, and depriving the plaintiff of his rights as secured by the Constitution, laws of the United States, and the State of Illinois.

**ANSWER: The allegations in this paragraph plead legal conclusions rather than allegations of fact subject to admission or denial. As such, no response is required. To the extent an answer is required, it is Denied. Defendant denies any wrongful or illegal conduct.**

### JURISDICTION:

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the

1

United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

**ANSWER: The allegations in this paragraph plead legal conclusions rather than allegations of fact subject to admission or denial. As such, no response is required. To the extent an answer is required, Defendant admits that Plaintiff's attempts to invoke the Court's jurisdiction pursuant to the statutory provision cited.**

## PARTIES:

3. PLAINTIFF VAUGHN NEITA is a citizen of the United States of America, who currently resides in Chicago, Cook County, Illinois.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph, but demands strict proof thereof.**

4. DEFENDANTS JANE RADDATZ, Star #1813, M ULDRYCH, Star #6501, were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacity.

**ANSWER: Defendant admits Raddatz and Uldrych were Chicago Police Officers on February 14, 2012. Answering further, this Defendant lacks sufficient knowledge to admit or deny the remaining allegations in this paragraph as the allegations are vague with respect to "this occurrence" and "the conduct complained of" and plead legal conclusions to which no response is required. This Defendant demands strict proof thereof.**

5. DEFENDANT CHERIE TRAVIS was, at the time of this occurrence, a duly authorized agent of the City of Chicago's Department of Animal Care and Control. She engaged in the conduct complained of in the course and scope of her employment and under color of law. She is sued in her individual capacity.

**ANSWER: Defendant admits Travis was employed by the commission on animal care and control on February 14, 2012. Answering further, this Defendant lacks sufficient knowledge to admit or deny the remaining allegations in this paragraph as the allegations are vague with respect to "this occurrence" and "the conduct complained of" and plead legal conclusions to which no response is required. This Defendant demands strict proof thereof.**

6. DEFENDANT DAN CALANDRIELLO was, at the time of this occurrence, a duly authorized agent of Cook County. He engaged in the condcut [sic] complained of in the course and scope of his employment. He is sued in his individual capacity.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph as the allegations are vague with respect to "this occurrence" and "the condcut [sic] complained of" and pleads legal conclusions to which no response is required. This Defendant demands strict proof thereof.**

7. DEFENDANT CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of the Defendants Raddatz, Uldrych, and Travis.

**ANSWER: Defendant admits it is a municipal corporation incorporated under the laws of the State of Illinois and that Raddatz and Uldrych are its employees. Defendant Denies the remainder of the allegations in this paragraph.**

8. DEFENDANT COUNTY OF COOK ("County") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Calandriello.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph, but demands strict proof thereof.**

## FACTS

9. Plaintiff Vaughn Neita owned a properly licensed dog grooming business and also ran a shelter where he took in rescue dogs.

**ANSWER: The allegations in this paragraph plead legal conclusions rather than allegations of fact subject to admission or denial. As such, no response is required. To the extent a response is required, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph, but demands strict proof thereof.**

10. On or about February 14, 2012, Plaintiff went to Animal Care and Control to relinquish two dogs.

**ANSWER: Defendant admits that on or about February 14, 2012, Plaintiff went to**

3

Animal Care and Control. With respect to the remainder of the allegations in this paragraph, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph, but demands strict proof thereof.

11. One dog, Osa, was overly aggressive and had attacked a minature poodle, Puma, that died as a result.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph, but demands strict proof thereof.**

12. The other dog, Olive Oil, was sick and eating fecal matter.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph, but demands strict proof thereof.**

13. Defendant Travis called the police.

**ANSWER: Defendant admits Travis called the police on February 14, 2012.**

14. Defendant Officers responded to the call.

**ANSWER: Admitted.**

15. Without probable cause or any other lawful basis, Defendant Travis caused the Defendant Officers to arrest Plaintiff

**ANSWER: Denied.**

16. Without probable cause, or any other lawful basis, Defendant Officers arrested Plaintiff.

**ANSWER: Denied.**

17. Without consent, or any other legal basis, Defendant Officers entered and searched Plaintiff's business.

**ANSWER: Denied.**

18. Without probable cause, or any other lawful basis, Defendant Officers, Defendant Travis, and Defendant Calandriello initiated, caused, and/or participated in the

charging of Plaintiff with multiple counts of animal cruelty, 510 ILCS 70/3.01, and violation of owner's duties, 510 ILCS 70.0/3.

**ANSWER: Denied.**

19. On May 22, 2013, all charges against Plaintiff were dismissed in a manner indicative of his innocence when the Honorable Judge Peggy Chiampis of the Circuit Court of Cook County found Plaintiff not guilty of all charges.

**ANSWER: Denied.**

20. As a direct and proximate result of the malicious actions of Defendants, Plaintiff was injured, including sustaining loss of freedom, humiliation, embarrassment, the deprivation of his constitutional rights and his dignity, lost time, loss of business revenue, harm to his personal and professional reputation, and attorneys' fees.

**ANSWER: Denied.**

## COUNTS I-II

**This Defendant makes no Answer to Counts I and II as they are not directed against this Defendant. To the extent an answer is required, it is denied.**

## COUNT III: 745 ILCS 10/9-102 - Indemnification
### Against Defendants City of Chicago and County of Cook

24. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**Defendant repeats, realleges and incorporates herein its answers to Paragraphs 1-20 of its answers to Paragraphs 1-20 of this Count. To the extent paragraphs have not previously been answered, Defendant denies the allegations therein and demands strict proof thereof.**

25. Defendant City Of Chicgo [sic] is the employer of Defendants Raddatz, Uldrych, and Travis.

**ANSWER: Defendant admits that Raddatz and Uldrych are its employees. Defendant Denies the remainder of the allegations in this paragraph.**

26. Defendants Raddatz, Uldrych, and Travis committed the acts alleged above

under color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER: Denied.**

27. Defendant Cook County is the employer of Defendant Calandriello.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph, but demands strict proof thereof.**

28. Defendant Calandriello commited [sic] the acts alleged above under color of law and in the scope of his employment as an employee of Cook County.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph, but demands strict proof thereof.**

WHEREFORE, Defendant, Chicago, denies that Plaintiff is entitled to judgment in any sum and prays that the within suit be dismissed with prejudice with the costs of the suit taxed to Plaintiff.

<u>**COUNT IV: Malicious Prosecution**</u>
**Against All Defendants**

29. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER: Defendant repeats, realleges and incorporates herein its answers to Paragraphs 1-20 and 24-28 of its answers to Paragraphs 1-20 and 24-28 of this Count. To the extent paragraphs have not previously been answered, Defendant denies the allegations therein and demands strict proof thereof.**

30. By the actions detailed above, the Defendants knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

**ANSWER: Denied.**

31. Defendant City of Chicago is sued in this Count pursuant to the doctrine of respondeat superior, in that the Defendants performed the actions complained of while on

duty and/or in the employ of Defendant City of Chicago, and while acting within the scope of this employment.

**ANSWER: The allegations in this paragraph plead legal conclusions rather than allegations of fact subject to admission or denial. As such, no response is required. To the extent an answer is required, it is Denied. Defendant denies any wrongful or illegal conduct.**

32. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

**ANSWER: Denied.**

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in any sum and prays that the within suit be dismissed with prejudice with the costs of the suit taxed to Plaintiff.

### COUNT V: Intentional Infliction of Emotional Distress
### Against All Defendants

33. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER: Defendant repeats, realleges and incorporates herein its answers to Paragraphs 1-20, 24-28, and 29-32 of its answers to Paragraphs 1-20, 24-28, and 29-32 of this Count. To the extent paragraphs have not previously been answered, Defendant denies the allegations therein and demands strict proof thereof.**

34. The conduct by defendants described herein was extreme and outrageous, exceeding all bounds of human decency.

**ANSWER: Denied.**

35. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

**ANSWER: Denied.**

36. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body. and nervous system.

**ANSWER: Denied.**

37. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of in the employ of defendant City, and while acting within the scope of this employment.

**ANSWER: The allegations in this paragraph plead legal conclusions rather than allegations of fact subject to admission or denial. As such, no response is required. To the extent an answer is required, it is Denied. Defendant denies any wrongful or illegal conduct.**

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in any sum and prays that the within suit be dismissed with prejudice with the costs of the suit taxed to Plaintiff.

### DEFENDANT'S FIRST SET OF AFFIRMATIVE DEFENSES

NOW COMES Defendant CITY OF CHICAGO by and through its attorneys, Marcie Thorp and Joseph P. Carlasare of SmithAmundsen LLC, and as for its First Set of Affirmative Defenses, pleading in the alternative and making no admissions as to Plaintiff's allegations, hereby states as follows:

### AFFIRMATIVE DEFENSES

1. As to all federal claims, at all times during the events alleged in plaintiff's Complaint, a reasonable police officer, objectively viewing the facts and circumstances confronting the named defendant officer and/or animal control officer during the incident which allegedly provides the basis for the present case, would have reasonably believed that the actions taken by her were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendant is entitled to qualified immunity

from liability. The alleged actions and conduct of defendant did not cause a constitutional violation, nor did the alleged conduct violate clearly established standards for constitutional conduct of which a reasonably competent police officer would have known under the circumstances.

2. To the extent that any individual defendant was working as a public employee, she may have been acting in the execution and enforcement of the law. The actions of the named defendant were not willful or wanton. Therefore, the defendant is immune from liability for the claims alleged because public employees are not liable for their acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

3. To the extent that any individual defendant was a public employee serving in a position involving the determination of policy or the exercise of discretion she is not liable for any of the claims alleged. Further, the decisions to arrest and charge plaintiff are discretionary decisions for which a police officer is immune from liability. 745 ILCS 10/2-201.

4. The named defendant is not liable for any of plaintiff's alleged claims because she is a public employee who was acting within the scope of her employment and, as such, the defendant is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

5. The named defendant is not liable to plaintiff because she did not act with malice and without probable cause. 745 ILCS 10/2-208.

6. The defendant is not liable for any of the alleged claims because the acts and/or omissions of plaintiff were the sole proximate cause of any injuries plaintiff may

have sustained.

7. Where either of the named defendants may be liable in damages, the total amount of damages to which plaintiff would otherwise be entitled must be reduced by the application of principles of comparative fault in proportions to the amount of the negligent, willful and wanton and/or intentional conduct of the plaintiff, including committing a criminal offense, and which were the proximate cause of his arrest and alleged injuries.

8. One basis for liability against Chicago is a claim for indemnity. If the named defendant is found not liable to the plaintiff, the Chicago is not liable to the plaintiff. 745 ILCS 10/9-102.

9. Another basis for liability against Chicago is a claim for *respondeat superior*. If the named defendant is found not liable to the plaintiff, Chicago is not liable to the plaintiff.

10. To the extent that plaintiff failed to mitigate any of plaintiff's claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by the application of the principle that plaintiff has a duty to mitigate damages attributed to plaintiff by the jury in this case.

WHEREFORE, Defendant Chicago requests that judgment be entered in its favor and against plaintiff, together with costs incurred in defending this suit and any other relief this Honorable Court deems necessary and proper based upon the foregoing affirmative defenses at law.

**JURY DEMAND**

Defendant Demands Trial By Jury.

Respectfully submitted,

SmithAmundsen LLC

By: s/Marcie Thorp
One of the Attorneys for
Defendant, City of Chicago

Marcie Thorp (ARDC #6210275)
Joseph P. Carlasare (ARDC # 6308706)
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, IL 60601
Phone: (312) 894-3259
Fax: (312) 997-1770
E-Mail: mthorp@salawus.com