# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Vaughn Neita, | ) | |
|     Plaintiff, | ) | 14 C 1107 |
| | ) | |
|     v. | ) | Honorable Judge |
| | ) | James F. Holderman |
| City of Chicago, et al., | ) | |
|     Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, County of Cook and Dan Calandriello, by their attorney, Anita Alvarez, State's Attorney of Cook County, through her assistant, Scott A. Golden, Assistant State's Attorney, hereby respectfully move to dismiss Plaintiff's Complaint pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. In support thereof, Defendants state as follows:

## INTRODUCTION

Plaintiff brings this cause of action against Cook County and Assistant State's Attorney Dan Calandriello ("ASA Calandriello"), as well as several Chicago Police Officers and the City of Chicago, arising out of his arrest and prosecution for animal cruelty and violation of owner's duties. In relation to Cook County and ASA Calandriello, Plaintiff's claims are premised on the state law claims of malicious prosecution and intentional infliction of emotional distress, as well as a claim of indemnification against the County. All of Plaintiff's claims against the County and ASA Calandriello must be dismissed with prejudice, as they are barred by absolute immunity and the doctrine of sovereign immunity.

## STANDARD OF REVIEW

Under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true,

to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010)(citation omitted). A claim is "plausible" when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged; it requires "more than a sheer possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556.

In order to survive dismissal under Rule 12(b)(6), a plaintiff must plead sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556 (emphasis added); see *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)(a court need not strain to find inference from the complaint's allegations). Moreover, a court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009), or "naked assertion[s]" devoid of any "factual enhancement." *Twombly*, 550 U.S. at 557. A complaint cannot escape dismissal by pleading facts that are "'merely consistent with' a defendant's liability." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The notice pleading standard of *Fed. R. Civ. P. 8* "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. As the court noted in *Iqbal*, this concern applies with great force in the civil rights context, where "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including the 'avoidance of disruptive discovery.'" *Id* at 1953. This concern applies with equal force where absolute immunity is applicable. A plaintiff must set forth sufficient factual allegations of individual

conduct to state a plausible claim and may not simply "circumvent a defendant's absolute immunity defense simply by making bald assertions that a prosecutor committed various wrongs while acting as an investigator or administrator. To allow such an allegation to defeat the prosecutor's immunity without presenting supporting allegations would emasculate the Supreme Court's holding in *Imbler*." *Stokes v. City of Chicago*, 660 F. Supp. 1459, 1461-62 (N.D. Ill. May 22, 1987) (Bua, J.).

Further, although complaints need not allege factual details or legal arguments, "litigants may plead themselves out of court by alleging facts that defeat recovery[,]" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005), or "by pleading facts that show he has no legal claim[,]" *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011), or "by alleging (and thus admitting) the ingredients of a defense." *United States Gypsum Co. v Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003).

## ARGUMENT

**I.     ASA Calandreillo Is Entitled To Absolute Immunity From Plaintiff's Claims**

Plaintiff's claims against ASA Calandreillo arise solely out of his activities and employment as an Assistant State's Attorney in Plaintiff's underlying prosecution. Based on the factual allegations set forth in Plaintiff's Complaint, ASA Calandriello is entitled to absolute prosecutorial immunity from Plaintiff's claims.

It is well settled that prosecutors are absolutely immune from §1983 suits for damages relating to their initiation and presentment of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). With respect to claims of malicious prosecution and intentional infliction of emotional distress, Illinois courts apply the prosecutorial immunity analysis announced in *Imbler*. *White v. City of Chicago*, 369 Ill. App. 3d 765, 769-72 (1st Dist. 2006); see also *Gordon v. Devine*, 2008 U.S. Dist. LEXIS 81234, at *32-34 (N.D. Ill. Oct. 14, 2008) (Aspen, J.)(noting that

Illinois court previously applied only public official immunity to malicious prosecution and related claims, but now apply the absolute immunity analysis announced in *Imbler*); *Patterson v. Former Chi. Jon Burge*, 2010 U.S. Dist. LEXIS 103966, at *33-34 (N.D. Ill. Sept. 27, 2010)(Gottschall J.)(dismissing claims of malicious prosecution and intentional infliction of emotional distress based on absolute immunity for Assistant State's Attorneys). "[A]bsolute immunity shields prosecutors even if they act 'maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.'" *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003), citing *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). Immunity is immunity from suit, not merely a defense to liability. *See Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815 (1985) (discussing qualified immunity). When considering an immunity defense, a court should focus on the conduct for which immunity is claimed, not the harm that the conduct may have caused or the question of whether or not it was lawful. *Buckley v. Fitzsimmons*, 509 U.S. 259, 271 (1993).

Additionally, the common law in Illinois has long recognized such an absolute immunity for prosecutors when acting within the scope of their prosecutorial duties. Courts in this district applying Illinois law have held that the state and federal doctrines of prosecutorial immunity are coterminous and prosecutors acting within the scope of their prosecutorial duties are absolutely immune from liability under state law. See *Hobbs v. Cappelluti*, 899 F. Supp. 2d 738, 769 (N.D. Ill. 2012); *Kitchen v. Burge*, 781 F. Supp. 2d 721, 736-37 (N.D. Ill. 2011).

In this case, Plaintiff's claims against ASA Calandriello are specifically premised on the allegation that he initiated, caused, and/or participated in the charging of Plaintiff with multiple criminal charges. (Complaint, ¶18) Plaintiff specifically alleges that he had already been arrested

by Chicago police officers at the behest of the City's Department of Animal Care and Control. (*See* Complaint at ¶¶ 5, 10-17.) Under Illinois law, the State's Attorney "is vested with the exclusive discretion in the initiation and management of a criminal prosecution." *Spiegel v. Rabinovitz,* 121 F.3d 251, 257 (7th Cir. 1997) (citing *Hunt v. Jaglowski*, 926 F.2d 689, 692 (7th Cir. 1991)). At best, Plaintiff's contention is that ASA Calandriello initiated the prosecution against him unreasonably or without probable cause. ASA Calandriello is nevertheless entitled to absolute immunity for the initiation of Plaintiff's prosecution. Because the conduct complained of falls squarely within the scope of ASA Calandriello's prosecutorial duties, Plaintiff's claims against ASA Calandriello are barred by absolute immunity.

**II.** *Respondeat Superior* **claims against the County fail as a matter of law**

Plaintiff includes a claim for indemnification against Cook County premised on the alleged conduct of ASA Calandriello. (*See* Complaint, Count III.) It is not clear whether Plaintiff also asserts that Cook County may be liable under a theory of *respondeat superior*. Plaintiff's basic premise that ASA Calandriello is an employee of Cook County is simply incorrect as a matter of law, however, and Cook County may not be held directly or vicariously liable for his alleged conduct.

State's attorneys are independently elected state, not county, officials. *See Horstman v. County of DuPage*, 284 F.Supp.2d 1125, 1130-31 (N.D. Ill. 2003), relying on *Ingemunson v. Hedges*, 133 Ill.2d 364, 549 N.E.2d 1269 (Ill. 1990). The County is not the employer of the State's Attorney or her Assistant State's Attorneys. *See Biggerstaff v. Moran*, 284 Ill. App. 3d 196 (1st Dist. 1996). In *Biggerstaff*, following *Moy v. County of Cook*, 159 Ill. 2d 519 (1994), the Illinois Supreme Court held that the County was not the employer of the State's Attorney's

5

Office and not liable for the alleged conduct of Assistant State's Attorneys under the *respondeat superior* doctrine, because the State's Attorney is a state officer whose office was created under the judiciary article of the Illinois constitution. *See also Houston v. Cook County*, 758 F. Supp. 1225, 1226-27 (N.D. Ill. 1990) (holding that Cook County could not be held liable for the actions of assistant state's attorneys); *Stokes*, 660 F. Supp. at 1462-63 (same).

Whether a particular official is the legal equivalent of the State itself is a question of that State's law. *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994). Illinois State's Attorneys are independently elected. Ill. Const. art. 6, § 19. Moreover, State's Attorneys are "state, rather than county, officials." *Ingemunson v. Hedges*, 133 Ill. 2d 364, 549 N.E.2d 1269, 1272, 140 Ill. Dec. 397 (Ill. 1990). Similarly, under Illinois law, Assistant State's Attorneys are surrogates for the State's Attorney and "possess the power in the same manner and to the same effect as the State's Attorney." *People v. Tobias*, 125 Ill. App. 3d 234, 242, 465 N.E.2d 608, 615, 80 Ill. Dec. 496 (1984).

Under *Robinson v. Sappington*, 351 F.3d 317 (7th Cir. 2003), the County may have a duty to indemnify official capacity claims brought against state officials where the County has the statutory obligation to fund the office of that state official. *See Robinson* at 338-39, relying on *Carver v. Sheriff of LaSalle County*, 203 Ill.2d 497, 787 N.E.2d 127 (Ill. 2003). Pursuant to state law, Cook County funds the Cook County State's Attorney's Office. *See*, *e.g.*, *Ill. Const. art. IV, §19*, *55 ILCS §5/4-2005* (salaries of the State's Attorney and Assistant State's Attorneys are to be paid out of the general corporate fund of the treasury of the county in which the State's Attorney resides), *55 ILCS 5/5-1106* (county board of each county has duty to provide offices and reasonable and necessary expenses for use of the State's Attorney). This would make the County

6

an indemnitor, however, not subject it to substantive liability. *See Whitmore v. Lake County*, 424 F.3d 659, 676 (7th Cir. 2005) (affirming award of attorney fees to Lake County under Rule 11 based on plaintiff's attempt to hold Lake County substantively liable for the alleged conduct of the Lake County Sheriff, noting that under *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003), which *Robinson* applies to State officials, liability of the County is not substantive). The County's status as a necessary party under *Robinson* does not subject the County to discovery in the underlying action, for instance. (*See*, *e.g.*, *Wallace v. Masterson*, 345 F. Supp. 2d 917, 926-27 (N.D. Ill. 2004)).

Accordingly, the County should be dismissed as a party defendant in this matter.

## **CONCLUSION**

WHEREFORE, Assistant State's Attorney Dan Calandriello and Cook County respectfully request that this Honorable Court enter an order dismissing Plaintiff's complaint with prejudice.

    Respectfully submitted,

    ANITA ALVAREZ
    State's Attorney of Cook County

By: *s/Scott A. Golden*
    Scott A. Golden
    Assistant State's Attorney
    500 Richard J. Daley Center
    Chicago, Illinois 60602
    312.603.1902