IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VAUGHN NEITA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 14 C 1107 |
| COOK COUNTY ASSISTANT STATE'S ) | |
| ATTORNEY DAN CALANDRIELLO, ) | |
| COOK COUNTY, ILLINOIS, CHERIE TRAVIS, ) | |
| CITY OF CHICAGO, a municipal corporation, ) | |
| and CHICAGO POLICE OFFICERS JANE ) | |
| RADDATZ and M. ULDRYCH, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiff Vaughn Neita ("Neita") filed this suit, alleging that his constitutional rights were violated (Counts I and II). 42 U.S.C. § 1983. Neita also brings Illinois state law claims for malicious prosecution (Count IV), intentional infliction of emotional distress ("IIED") (Count V), and indemnification (Count III). (Dkt. No. 1 ("Compl.").) All of Neita's allegations arise from his arrest for animal cruelty and the unsuccessful prosecution that followed. (Compl. ¶¶ 9-20.) Neita brings his constitutional claims against defendants Cherie Travis ("Travis") and Chicago Police Officers Jane Raddatz ("Officer Raddatz") and M. Uldrych ("Officer Uldrych"). Neita's malicious prosecution and IIED claims name Travis, Officer Raddatz, Officer Uldrych, as well as Cook County Assistant State's Attorney Dan Calandriello ("ASA Calandriello"). Neita's final claim, Count III, seeks indemnification from the City of Chicago ("City") and Cook County, Illinois ("Cook County") pursuant to 745 ILCS 10/9-102. ASA Calandriello and Cook County have moved to dismiss the malicious prosecution, IIED, and indemnification claims

alleged against them. (Dkt. No. 15 ("Defs.' Mot.").) For the reasons explained below, that motion is granted.

FACTUAL BACKGROUND

Neita owned and operated a licensed dog grooming business as well as a shelter where he took in rescue dogs. (Compl. ¶ 9.) On February 14, 2012, Neita brought two dogs in his care to the City's Department of Animal Care and Control ("ACC"). (*Id.* ¶ 10.) According to Neita's Complaint, one dog was overly aggressive and had attacked a poodle; the other was so ill that it was eating fecal matter. (*Id.* ¶ 11-12.) Travis, who at the time worked at ACC, called the police, presumably because she suspected that the animals had been mistreated. (*Id.* ¶¶ 5, 13.) Officers Raddatz and Uldrych responded to Travis's call and ultimately arrested Neita. (*Id.* ¶¶ 14-16.) ASA Calandriello, the prosecutor assigned to the case, "initiated, caused and/or participated in the charging of [Neita] with multiple counts of animal cruelty, 510 ILCS 70/3.01, and violation of owner's duties, 510 ILCS 70/3," (Compl. ¶ 18), both of which are misdemeanors for first time offenders. On May 22, 2013, all of the charges filed against Neita were "dismissed in a manner indicative of his innocence" by the Circuit Court of Cook County, Illinois.[1] (*Id.* ¶ 19.)

On February 14, 2014, Neita filed his five-count Complaint, alleging that Travis and the arresting officers violated his Fourth and Fourteenth Amendment rights, (*id.* ¶¶ 21-23, 1-3),[2] and that all defendants maliciously prosecuted him and intentionally inflicted emotional distress (*id.* ¶¶ 29-37). Neita also seeks indemnification from the City and Cook County pursuant to 745 ILCS 10/9-102. (Compl. ¶¶ 24-28.) ASA Calandriello and Cook County have moved to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). (Defs.' Mem. 1-3.)

---

[1] The parties have not provided the court with any additional information concerning the disposition of Neita's criminal case.

[2] Because of a formatting error, the allegations underlying Count II of Neita's Complaint are improperly numbered 1-3. (Compl. at 4.)

LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley* v. *Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole* v. *Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (quoting *Justice* v. *Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in his favor." *Cole*, 634 F.3d at 903.

ANALYSIS

I.   ASA Calandriello

ASA Calandriello argues that Neita's malicious prosecution and IIED claims against him must be dismissed because he is protected by absolute prosecutorial immunity. (Defs.' Mem. at 3-5.) As a threshold matter, it is not apparent from the face of Neita's Complaint whether he intends to bring his malicious prosecution claim under federal or Illinois law. Neita's response brief clarified that he alleges both the malicious prosecution and IIED claims under Illinois law and, regardless of Neita's intention, it does not matter. Illinois courts adopt and apply the

doctrine of prosecutorial immunity articulated by the United States Supreme Court in *Imbler* v. *Pachtman*, 424 U.S. 409 (1976) and its progeny. *See, e.g.*, *Hobbs* v. *Cappelluti*, 899 F. Supp. 2d 738, 769 (N.D. Ill. 2012) (Lefkow, J.) ("Under Illinois law, the state and federal doctrines of prosecutorial immunity are coterminous."); *see also Frank* v. *Garnati*, 989 N.E.2d 319, 322 (Ill. App. Ct. 5th Dist. 2013) (holding "the state and federal doctrines of prosecutorial immunity are coterminous and prosecutors acting within the scope of their prosecutorial duties are absolutely immune from liability under state law").

Under Illinois and federal law, it is well-established that "[p]rosecutors are absolutely immune from suits for monetary damages . . . for conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Smith* v. *Power*, 346 F.3d 740, 742 (7th Cir.2003) (quoting *Imbler*, 424 U.S. at 430). "A prosecutor is shielded by absolute immunity when he acts as 'an advocate for the State' but not when his acts are investigative and unrelated to the preparation and initiation of judicial proceedings." *Id.* (quoting *Buckley* v. *Fitzsimmons*, 509 U.S. 259, 274 (1993)). Whether ASA Calandriello is absolutely immune from suit, therefore, depends on whether his conduct, as alleged in Neita's Complaint, is properly characterized as investigatory or prosecutorial. To make the determination, the court must "look to the nature of the function that [ASA Calandriello] was performing in the particular case." *Henderson* v. *Lopez*, 790 F.2d 44, 46 (7th Cir. 1986).

Neita's Complaint alleges that ASA Calandriello "initiated, caused, and/or participated in the charging" of Neita without probable cause or any other lawful basis. (Compl. ¶ 18.) In other words, Neita seeks to hold ASA Calandriello liable for his decision to initiate the prosecution. As the Supreme Court articulated in *Imbler*, however, the charging decision is the function that "most often invites a common-law tort action," and is always entitled to prosecutorial immunity.

*Imbler*, 424 U.S. at 421. Prosecutorial immunity shields prosecutors even if they "initiate[ ], charge[ ] maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry* v. *Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). Thus, to the extent Neita's two claims against ASA Calandriello rests solely on his decision to initiate the prosecution against Neita, the claims are barred by prosecutorial immunity.

Neita attempts to overcome ASA Calandriello's prosecutorial immunity by alleging, for the first time in his response brief, that he is suing ASA Calandriello only in his capacity as a "complaining witness," not as a prosecutor. (Pl.'s Resp. at 3.) Neita attached to his response the misdemeanor criminal complaint filed against him in the Circuit Court of Cook County, Illinois, which is of course signed by the prosecutor—ASA Calandriello. (Pl.'s Resp. at Ex. 1.) Without further explanation, Neita asserts that the document proves that ASA Calandriello is a complaining witness who is not entitled to absolute immunity. (Pl.'s Resp. at 3.) In support, Neita cites—again without explanation—the Supreme Court's decision in *Kalina* v. *Fletcher*, 522 U.S. 118 (1997). In *Kalina*, the Supreme Court ruled that a prosecutor acted "as a complaining witness rather than a lawyer," when he filed a certification personally attesting to the truth of the facts alleged in a probable cause application. *Id.* at 129-30. Such activity, according to the Court, is not entitled to absolute immunity. *Id.*

The facts alleged in Neita's Complaint and response brief, which the court must accept as true, simply do not his allegation that ASA Calandriello acted as a complaining witness. Neita's argument, as far as the court can discern, is based on a misunderstanding of the criminal charging process. Unlike the certification at issue in *Kalina*, the criminal complaint attached to Neita's response is not the equivalent of a personal attestation to the truth of the underlying allegations; it is the mechanism by which assistant state's attorneys in Cook County file misdemeanor

criminal charges and, therefore, is a function that falls squarely within the prosecutorial immunity. *See Kalina*, 522 U.S. at 129 (holding preparation and filing of criminal charges protected by absolute immunity); *Tompkins* v. *Prange*, 2006 WL 3486855, *4 (N.D. Ill. Nov. 29, 2006) (Kennelly, J.) (holding assistant state's attorney's signing of an "information"—a form of criminal charge—is protected by absolute immunity).

Consequently, because ASA Calandriello is entitled to absolute immunity with regard to his decision to charge Neita, and because Neita has provided no facts supporting his allegation that ASA Calandriello acted in a non-prosecutorial function, Neita's malicious prosecution and IIED claims against ASA Calandriello must be dismissed.

II.  <u>Cook County</u>

In Count III, Neita seeks to hold Cook County liable for ASA Calandriello's malicious prosecution and intentional infliction of emotional distress pursuant to 745 ILCS 10/9-102, which authorizes a public entity to pay any tort judgment or settlement for which its employee becomes liable while acting within the scope of his employment. Unfortunately, Neita sued the wrong the defendant. Cook County is not the employer of the Cook County State's Attorney or her assistant state's attorneys. *See, e.g.*, *Biggerstaff* v. *Moran*, 284 Ill. App. 3d 196 (Ill. App. Ct. 1st Dist. 1996). In any event, because the court concludes that ASA Calandriello is entitled to absolute immunity on Neita's malicious prosecution and IIED claims, there can be no claim for indemnification against his employer.

CONCLUSION

For the reasons explained above, the motion to dismiss of defendants ASA Calandriello and Cook County [15] is granted. Neita's § 1983 and Illinois state law claims against the City of Chicago, Officers Raddatz and Uldrych, and Cherie Travis remain pending. Counsel are to

confer and file an agreed Form 52 report by 7/22/2014. The case is set for a report on status and entry of a scheduling order at 9:00 a.m. on 7/24/2014. The parties are also encouraged to discuss settlement.

ENTER:

_____
JAMES F. HOLDERMAN
District Judge, United States District Court

Date: July 9, 2014