# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VAUGHN NEITA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14 C 1107 |
| | ) |
| CITY OF CHICAGO, CHICAGO POLICE | ) JUDGE HOLDERMAN |
| OFFICERS JANE RADDATZ, Star #1813, | ) |
| M ULDRYCH, Star #6501, and CHERIE | ) |
| TRAVIS, | ) |
| | ) |
| Defendants. | ) **JURY DEMANDED** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE DEFENDANT-OFFICERS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW COMES the Plaintiff, VAUGHN NEITA, through one of his attorneys, and in response and opposition to the defendant-officers' motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). In support thereof, Plaintiff respectfully states as follows:

## INTRODUCTION

The Court should deny the defendants' motion for judgment on the pleadings, mostly because the defendants read the facts plead by Plaintiff in a light most favorable to them, concluding that the facts as interpreted by them support the existence of probable cause and the lack of malice. However, Plaintiff doesn't plead the facts in the manner suggested by Defendants, doesn't plead facts from which to conclude defendants had probable cause, and doesn't plead that anyone made a complaint against him that would entitle the defendants to search his business. For these same reasons, the defendants are not entitled to qualified immunity. Furthermore, Plaintiff stated valid claims against the defendants for malicious

1

prosecution and intentional infliction of emotional distress as they went out of their way to ruin Plaintiff's business and deprive him of his liberty in violation of state law. Accordingly, the defendants' motion should be denied in its entirety.

## FACTS

As alleged in the defendants' motion, Plaintiff Vaugh Neita owned a properly licensed owned a properly licensed dog grooming business and also ran a shelter where he took in rescue dogs. Dkt. 34, Plaintiff's Amended Complaint, at ¶ 9. On February 14, 2012, Plaintiff went to Animal Care and Control to relinquish two dogs: one was overly aggressive and had attacked a miniature poodle, the other was sick and eating fecal matter. Id. at ¶¶ 10-12. Defendant Travis called the police and the Defendant Officers responded to the call. Id. at ¶¶ 13-14. Without probable cause or any other lawful basis, the defendant officers arrested Plaintiff, then went and searched Plaintiff's business, and also participated in the charging of Plaintiff with multiple counts of animal cruelty and violation of owner's duties. Id. at ¶¶ 15-17. Mr. Neita was found not guilty of all charges on May 22, 2013, and now brings suit against the defendant-officers for false arrest, illegal search and seizure, malicious prosecution, and intentional infliction of emotional distress. Id. at pp. 4-7.

## ARGUMENT

This court should deny the defendant's motion for judgment on the pleadings because Plaintiff has plead a plausible cause of action for false arrest, malicious prosecution, and intentional infliction of emotional distress. A Rule 12(c) motion is evaluated the same a motion to dismiss for failure to state a claim. Collins v. Purdue University, 703 F.Supp.2d 862, 870 (N.D.Ind. 2010). Therefore, such a motion should only be granted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief." Zellner v. Herrick, 639 F.3d 371, 378 (7th Cir. 2011); see Conley v. Gibson, 355 U.S. 41, 45-46 (1957). At this stage, the court must accept all well-pleaded factual allegations in the complaint as true, drawing all reasonable inferences from those facts in Plaintiff's favor. Cleveland v. Rotman, 297 F.3d 569, 571 (7th Cir. 2002). Moreover, a claim must be facially plausible. Appert v. Morgan Stanley Dean Witter, Inc., 673 F.3d 609, 622 (7th Cir. 2012). Thus, a "motion for judgment on the pleadings may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law." Nat'l Fid. Life Ins. Co. v. Karaganis, 811 F.2d 357, 358 (7th Cir. 1987).

Granting defendants' motion depends in large part on accepting defendants' characterization of the events as unequivocally Plaintiff's fault and caused by him. Defendants flawed interpretation of the facts and misapplication of the law, that probable cause to arrest the owner of an animal lies where the animal became sick and ate its own fecal matter, would have a frightening consequence on the liberty of animal owners, who generally can't control that sentient animals become ill and decide by themselves to ingest fecal matter. Repeatedly and with no logical basis, Defendants claim Plaintiff, "allowed one of his dogs to become sick and he also allowed it to eat its own fecal matter," Dkt. 27, p. 4, as though Plaintiff had plead that he stood around and watched his animals grow sick. The contrary is true.

Plaintiff pleads that he went to Animal Care and Control to relinquish two dogs, and one, "was sick and eating fecal matter." Dkt. 34, ¶¶ 10, 12. Defendants' brief contains absolutely no explanation of how a fact allegation like the one at issue above morphs into an admission that Plaintiff allowed the dog to be sick and eat fecal matter, or more importantly how the Defendant Officers divined knowledge that Plaintiff had been standing by and watching as a sick dog

munched on its own fecal matter. That he brought the dog to animal care and control would suggest otherwise.

Similarly, Defendants allege that, "Plaintiff admitted that he allowed one of his dogs to not only attack, but also *kill* another dog – a miniature poodle," Dkt. 26, p. 4-5, as if Plaintiff exercises control over the animal impulses of the dogs he cared for, or worse, that Plaintiff was engaged in sending poodles into combat against pit bulls for his own sick gratification. Plaintiff pleads no such thing. Rather, he pleads that he went to Animal Care and Control because, "[o]ne dog, Osa, was overly aggressive and had attacked a miniature poodle, Puma, that died as a result." Dkt. 34, ¶ 11. Plaintiff did not stand by and watch one dog kill another, and certainly the officers at the time of Plaintiff's arrest had no reason to think he did. In fact, the Complaint is silent about whether the officers even knew how the dog died, although discovery will ultimately prove that they probably learned that one dog killed another in a fight, a far cry from being able to conduct an arrest based on probable cause. Still, that one "overly aggressive" animal killed another doesn't give probable cause to arrest the owners, absent some additional fact showing neglect.

Plaintiff's many factual allegations are plausible and provide the defendants with notice of the claims against them. Therefore, this Court should deny the defendants' motion for judgment on the pleadings.

I. **The Defendant-Officers Lacked Probable Cause to Arrest Plaintiff.**

This Court should deny the defendants' motion to dismiss Plaintiff's false arrest claim against the defendant officers because they did not have probable cause to arrest Plaintiff and Plaintiff plead as such. Moreover, the defendants cannot establish they had probable cause based upon Plaintiff's pleading as it neither alleges nor refers to the knowledge of the defendant-

officers. "Probable cause exists if, at the time of the arrest, the facts and circumstances within the defendant's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed ... an offense." Stokes v. Board of Educ. of City of Chicago, 599 F.3d 617, 622 (7th Cir. 2010)(internal citations omitted). Here, the defendants motion depends on making the impermissible inference that the knowledge contained within the complaint was held by the officers. However, a "court evaluates probable cause not with the benefit of hindsight, and not on the facts as perceived by an omniscient observer, but on the facts as they appeared to a reasonable person in the defendant's position." Id. Here, Plaintiff does not allege that the defendant-officers knew one of this dogs was sick and another over aggressive. Plaintiff does not allege that anyone told the officers that, or that the officers were able to see that for themselves. Accordingly, having plead no facts or circumstances that would be within the defendant-officers knowledge, the defendant-officers cannot claim to have probable cause based upon Plaintiff's pleading. In fact, there is not a single allegation in Plaintiff's complaint that Plaintiff ever did anything wrong. Therefore, the Court should deny the defendants' motion.

Even assuming the defendants did have this knowledge, though, that is not enough to establish probable cause. Plaintiff went to animal care and control to relinquish two animals. Animal care and control exists, in part, to allow citizens to relinquish animals for cause—and for no cause whatsoever. Applying the defendants' logic, an officer would have probable cause to arrest any citizen who relinquished an animal for cause, i.e. it was sick or violent. Or, by analogy, the police would have probable cause to arrest any parent who took their child to a hospital for anything other than a routine check up. See 720 ILCS 5/12C-5. Surely, neither proposition has footing in the law.

5

On the contrary, there is no one-to-one correlation between sickness and neglect. Here, the defendants could not have probable cause without something that suggests causation. Plaintiff's complaint neither alleges, nor allows for the implication, that Plaintiff failed to provide food, shelter, veterinary care, or humane care to any animal. See 510 ILCS 70/3(a). Similarly, Plaintiff's complaint neither alleges, nor allows for the implication, that Plaintiff beat or abandoned any animal. See 510 ILCS 70/3.01. There is nothing in Plaintiff's pleading that suggests Plaintiff caused any of the ailments to the animals, or was being anything other than a responsible owner. Furthermore, at this stage, Plaintiff is entitled to every reasonable inference, which includes that he was not the cause of any of the ailments for the animals he relinquished. Accordingly, the defendants could not have had probable cause to arrest Plaintiff. Therefore, the Court should deny the defendants' motion to dismiss.

**II.     The Defendants Did Not Have a Lawful Basis to Search Plaintiff's Business as No Complaint Was Made Against Plaintiff or His Business.**

The Court should deny the defendants' motion to dismiss their illegal search and seizure claim. 510 ILCS 70/10 gives law enrocement officials the authority to enter and search a business upon receipt of a complaint of a suspected violation of the Humane Care for Animal Act. Defendants attempt to cite this statute to show they had a lawful basis for entering and searching Plaintiff's business. However, Plaintiff's complaint does not allege that a complaint was made against Plaintiff's business, thereby entitling the defendant-officers to rely on Section 10 of the Humane Care for Animals Act. In fact, there was no complaint made against Plaintiff whatsoever. On the face of Plaintiff's complaint, no facts have been alleged that allow for the impermissible inference that the defendants urge this Court to make. Similarly, there is no allegation that when the defendants went to Plaintiff's business, it was for the purpose of investigating this nonexistant complaint. Rather, it was the plaintiff who, as a responsible pet

owner, voluntarily went to Animal Care and Control to relinquish animals. Accordingly, because the Complaint allows for the reasonable inference of a constitutional violation, the Court should deny the defendants' motion to dismiss Plaintiff's illegal search and seizure claim.

## III. The Defendant-Officers are Not Entitled to Qualified Immunity For Violating Plaintiff's Clearly Established Constitutional Rights.

The Court should deny the Defendants' claim of qualified immunity as it is premature. Khorrami v. Rolince, 493 F.Supp.2d 1061, 1075 (N.D.Ill. 2007). Complaints are generally not dismissed on qualified immunity grounds. See Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001); see also Jacobs v. City of Chicago, 215 F.3d 758, 765 n. 3 (7th Cir. 2000).

That said, to overcome a defense of qualified immunity at the pleading stage, the complaint need only contain sufficient factual allegations to show that the defendant's conduct violated a constitutional right and that the right was clearly established at the time of the alleged violation. Engel v. Buchan, 710 F.3d 698, 708 (7th Cir. 2013). Here, Plaintiff alleged that the defendants violated his Fourth Amendment right by arresting him without probable cause. Gonzalez v. City of Elgin, 578 F.3d 526, 541 (7th Cir. 2009). Moreover, that right had been clearly established at the time of Plaintiff's arrest. Id. Similarly, it was clearly established that warrantless serches in the absence of exigent circumstances violate the Fourth Amendment at the time the defendant-officers illegally searched Plaintiff's business. Jacobs, 215 F.3d at 769-770. Here, the defendants had neither a warrant nor claim an exigent circumstance. See id. (denying qualified immunity where "[t]he allegations as pled in the plaintiffs' complaint give no indication that exigent circumstances existed in this case"). As such, this Court should deny the defendants' attempts to assert qualified immunity. See id.

**IV.     The Defendants Are Liable for Maliciously Prosecuting Plaintiff.**

Plaintiff's complaint states a valid claim for malicious prosecution.  Defendants move to dismiss on the basis that the complaint makes no, "allegation to suggest any kind of malice whatsover by the Defendant Officers, other than his conclusory statements."[1] In Illinois, to state a claim for malicious prosecution a plaintiff must allege the defendants 1) commenced or continued an original criminal proceeding; 2) termination of that proceeding in favor of Plaintiff; 3) the absence of probable cause for that proceeding; 4) malice; and 5) harm to Plaintiff.  Swick v. Liautaud, 662 N.E.2d 1238, 1242 (Ill. 1996).  Plaintiff alleged the defendants commenced criminal proceedings against him, Dkt. 34, Plaintiff's Amended Complaint, at ¶ 18, and that there was no probable cause for those proceedings.  Id. at ¶ 35.  Additionally, for the purposes of malicious prosecution, malice can be inferred from the absence of probable cause.  Frye v. O'Neill, 166 Ill.App.3d 963, 977 (1988). Plaintiff's finding of not guilty means the proceedings were terminated in Plaintiff's favor. Dkt. 35 at ¶ 24; see Zitka v. Village of Westmont, 743 F. Supp. 2d 887, 926 (N.D.Ill. 2010).  Further, Plaintiff specifically alleged he was harmed.  Dkt. 34 at ¶ 37.  Therefore, Plaintiff stated a valid claim and the Court should deny the defendants' motion to dismiss.

**V.      The Defendants are Liable for Abusing Their Authority to Intentionally Inflict Emotional Distress on Plaintiff.**

The defendants urge the Court to accept the accrual date for Plaintiff's intentional infliction of emotional distress claim as the date of his arrest.  However, the date of accrual for his claim would be the date when the the tortious conduct is abated.  Feltmeier v. Feltmeier, 207 Ill.2d 263, 798 N.E.2d 75, 87 (Ill. 2003)(holding the continuing tort rule applies to IIED claims).  Here, Plaintiff alleges that all of the misconduct alleged against the defendant officers  in the

---

[1] Plaintiff submits that the proper time to attack a pleading for failure to state a claim is by a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

8

complaint caused his emotion distress, which includes their malicious prosecution of Plaintiff. Dkt. 35 at ¶ 39; see Walden v. City of Chicago, 755 F. Supp. 2d 942, 962 (N.D.Ill. 2010) . Where, as here, the Plaintiff is claiming the defendants' tortious conduct continued over a period of time—namely up to and through his acquittal—the accrual date would then, necessarily, be the date he was found not guilty. Patterson v. Burge, 328 F. Supp. 2d 878, 901 (N.D.Ill. 2004)("The weight of case law in this district holds that a claim for IIED arising from malicious prosecution does not accrue until the state criminal proceedings are terminated.") Plaintiff was found not guilty on May 22, 2013. Dkt. 34 at ¶ 24. Accordingly, the statute of limitations was May 22, 2014, and had not run on Plaintiff's claim.

Secondly, there is no good argument that the defendants' deliberate attempts to sabotage plaintiff's business and deprive him of his liberty do not constitute extreme and outrageous conduct. Plaintiff was a legitimate business owner who went to Animal Care and Control to use a public facility for the purpose that it exists and wound up arrested for no good reason. The defendants then went out of their way to illegally search his business and Plaintiff wound up charged with fifteen different offenses. See Doe v. Calumet City, 641 N.E.2d 498, 641 N.E.2d 498, 507 (Ill. 1994). This represented a clear abuse of power that served no legitimate purpose and was made for no legitimate means. See id.; see also Kolegas v. Heftel Broadcasting Corp., 154 Ill.2d 1, 21, 180 Ill.Dec. 307, 607 N.E.2d 201 (Ill. 1992)(noting the extreme and outrageous character of the conduct can arise from the abuse of a position of power). Plaintiff suffered severe emotional distress from the defendant-officers' concerted efforts to destroy his livelihood and strip him of his liberty. Dkt. 34, ¶ 41. Therefore, the Court should deny the defendants' motion to dismiss this claim.

Respectfully submitted,

VAUGHN NEITA

By: s/Jared Kosoglad_____

Jared S. Kosoglad, P.C.
118 S. Clinton Street, Suite 200
Chicago, IL 60661

**CERTIFICATE OF SERVICE**

I, Jared Kosoglad, certify that certify that on the 7th day of August, 2014, a true and complete copy of Plaintiff's Response in Opposiiton to Defendants' Motion for Judgment on the Pleadings was served on:

Joseph Carlasare │ Marcie Thorp
SmithAmundsen LLC
150 North Michigan Avenue
Suite 3300
Chicago, IL 60601

Scott Golden
Civil Actions Bureau, CCSAO
50 West Washington Street
Chicago, IL 60602

via the Court's electronic filing system.

s/Jared Kosoglad_____