IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VAUGHN NEITA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 14 C 1107 |
| COOK COUNTY ASSISTANT STATE'S ) | |
| ATTORNEY DAN CALANDRIELLO, ) | |
| COOK COUNTY, ILLINOIS, CHERIE TRAVIS, ) | |
| CITY OF CHICAGO, a municipal corporation, ) | |
| and CHICAGO POLICE OFFICERS JANE ) | |
| RADDATZ and M. ULDRYCH, ) | |
| ) | |
| Defendants. ) | |

ORDER

JAMES F. HOLDERMAN, District Judge:

     For the reasons stated below, Defendants' motion for reconsideration [36] of this court's order [35] granting Plaintiff's motion for leave to file an amended complaint [31] is denied. Defendants' motion for judgment on the pleadings [27] addresses the original complaint and is consequently moot. Defendant Cherie Travis has already filed a motion [38] in response to Plaintiff's amended complaint. The remaining Defendants shall answer or otherwise respond to Plaintiff's amended complaint [34] by 9/16/14.

STATEMENT

     On July 9, 2014, the court granted the motion (Dkt. No. 15) of defendants Cook County Assistant State's Attorney Dan Calandriello ("ASA Calandriello") and Cook County, Illinois ("Cook County") to dismiss plaintiff Vaughn Neita's ("Neita") complaint ("Complaint") (Dkt. No. 3 ("Compl.")) for failure to state a claim. (Dkt. No. 24.) On July 21, 2014, the court denied Neita's motion for reconsideration of the court's dismissal order. (Dkt. No. 29.) On July 24, 2014, Neita filed an amended complaint (Dkt. No. 34 ("Amended Complaint")), which the court permitted because counsel for ASA Calandriello and Cook County did not file a motion in opposition or appear before the court to oppose the motion. ASA Calandriello and Cook County subsequently filed a motion for reconsideration, (Dkt. No. 36), informing the court that because they had been terminated from the case on July 9, 2014, they did not receive electronic notice of Neita's motion for leave to file an amended complaint. That motion is now denied.

     Under Federal Rule of Civil Procedure 15(a)(2), the court "should freely give leave [for a party to file an amended complaint] when justice so requires." Although the court may deny leave to file an amended complaint in the case of "undue delay, bad faith or dilatory motive on

- 2 -

the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment . . . such denials are disfavored." *Bausch* v. *Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (internal citations omitted).

Here, ASA Calandriello and Cook County argue that the court has already considered the facts and arguments asserted by Neita's Amended Complaint in its order dismissing Neita's original complaint and its order denying reconsideration. Generally, however, "if a district court dismisses for failure to state a claim, the court should give the party one opportunity to try to cure the problem, even if the court is skeptical about the prospects for success." *Bausch*, 630 F.3d at 562 (citing *Foster* v. *DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008)). Neita is accordingly entitled to an opportunity to cure his claims against the various defendants in this case, notwithstanding the court's two previous rejections of his claims against ASA Calandriello and Cook County.

Furthermore, because Neita's Amended Complaint purports to revise its malicious prosecution and intentional infliction of emotional distress claims against all defendants, Officer Raddatz and Officer Uldrych's motion for judgment on the pleadings (Dkt. No. 27)—which addresses the original complaint and in any case asserts arguments that may be brought under Rule 12(b)(6)—is moot.

.

        ENTER:

        _____
        JAMES F. HOLDERMAN
        District Judge, United States District Court

Date: September 2, 2014