IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VAUGH NEITA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHERIE TRAVIS, OFFICER JANE RADDATZ, OFFICER MELISSA ULDRYCH, and the CITY OF CHICAGO, a municipal corporation, | ) No. 14 C 1107 |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On February 14, 2014, Plaintiff Vaughn Neita ("Neita") filed his original complaint (Dkt. No. 3) alleging violations of his constitutional rights under 42 U.S.C. § 1983 (Counts I and II) and Illinois state law claims for indemnification (Count III), malicious prosecution (Count IV), and intentional infliction of emotional distress ("IIED") (Count V). All of Neita's allegations arise from his arrest for animal cruelty and the prosecution that followed, of which Neita was determined not guilty. Neita originally sued defendants Cherie Travis ("Travis"), Chicago Police Officers Jane Raddatz ("Raddatz") and Melissa Uldrych ("Uldrych"), Cook County Assistant State's Attorney Dan Calandriello ("Calandriello"), and sought indemnification from the City of Chicago ("City") and Cook County, Illinois ("Cook County") pursuant to 745 ILCS 10/9-102. The court has twice dismissed Neita's claims against Calandriello and Cook County, (Dkt. Nos.

24, 59), and following the second dismissal entered judgment in favor of those two defendants.[1] The court has also dismissed Neita's claims against the remaining defendants on October 30, 2014, (Dkt. No. 59), and granted Neita leave to file a second amended complaint to cure the deficiencies set forth in the court's October 30, 2014 Memorandum Opinion and Order (Dkt. No. 59).

On November 25, 2014, Neita filed his second amended complaint ("Second Amended Complaint") (Dkt. No. 64 ("Am. Compl.")) alleging the same counts against the same defendants (minus Calandriello and Cook County): he brings his § 1983 false arrest claim against Travis, Raddatz, and Uldrych; his § 1983 illegal search and seizure claim against Raddatz and Uldrych; his state law claims for malicious prosecution and IIED against all defendants; and his indemnification claim against the City. (Am. Compl. ¶¶ 35-52.) Travis, Raddatz, Uldrych and the City (collectively, "Defendants") have again moved to dismiss all of Neita's claims against them pursuant to Rule 12(b)(6). (Dkt. No. 65.) For the reasons stated below, Defendants' motion to dismiss Neita's Second Amended Complaint is granted.

FACTUAL BACKGROUND

The factual allegations set forth in Neita's Second Amended Complaint are similar to those of his previous two complaints. Neita owned and operated a dog grooming business called "A Doggie Business," located at 1458 North Western Avenue, Chicago, Illinois. (Am. Compl. ¶ 24.) On February 14, 2012 at 10:40 a.m., Neita brought two dogs in his care to the City's Department of Animal Care and Control ("ACC"). (*Id.* ¶ 7.) One dog, Osa, was overly aggressive and had attacked and killed a miniature poodle; the other dog, Olive Oil, had just

---

[1] The original judgment (Dkt. No. 60) incorrectly reported that judgment had been entered against all of the defendants. On January 23, 2015, the court issued an amended judgment (Dkt. No. 68) to clarify that the earlier judgment applied to Calandriello and Cook County.

- 2 -

given birth to six puppies but began eating fecal matter after giving birth, putting the puppies' health at risk. (*Id.* ¶ 8-14.) Travis, an ACC employee who is not a veterinarian, was working at ACC when Neita arrived with the dogs and called the police, presumably because she suspected that Neita had mistreated the two dogs. (*Id.* ¶ 15.)

Officers Raddatz and Uldrych responded to Travis's call and communicated with Travis once they arrived at ACC. (*Id.* ¶ 16.) During those communications, one of several alternative events took place: Travis made false statements causing the officers to arrest Neita; the officers arrested Neita in spite of Travis's truthful statements; or Travis and the officers reached an agreement to arrest Neita without probable cause. (*Id.* ¶ 17.) According to Neita's Second Amended Complaint, nothing he said or did, nor anything the Defendants could have seen at the time, indicated that he, Neita, had injured or neglected either of the dogs, Osa or Olive Oil. (*Id.* ¶¶ 18-19.) Officers Raddatz and Uldrych nevertheless took Neita into custody. (*Id.* ¶ 20.)

The same officers, Raddatz and Uldrych, later conducted a search of Neita's person, his car, and his dog grooming business. (*Id.* ¶¶ 21-24.) As was the case with Neita's two previously filed complaints in this case, his Second Amended Complaint does not state whether any of the searches—or at least the search of his car and business—occurred pursuant to a warrant; he merely states that the searches were "illegal." (*Id.*)

After Neita's arrest, Defendants caused him to be charged with two counts of animal cruelty, 510 ILCS 70/3.01, and 13 counts of violation of owner's duties, 510 ILCS 70/3, all of which are misdemeanors for first time offenders. (Am. Compl. ¶ 25.) Neita has attached to his Second Amended Complaint a number of criminal complaints underlying the charges against him, (Am. Compl. Ex. 1), including several criminal complaints signed by Travis, Raddatz, or Uldrych. None of the criminal complaints provides significant detail about the event; instead,

they tend to recite the statutory text for the charged violations. According to Neita's Second Amended Complaint, Travis either attested to the facts contained in the criminal complaints despite having no reason to believe that Neita had committed animal cruelty, or, "in the alternative," Officers Raddatz and Uldrych fraudulently attested to the criminal complaints on Travis's behalf without her knowledge or consent. (Am. Compl. ¶ 27.)

Regardless which version of Neita's "alternative" allegations is true, Neita alleges that Raddatz and Uldrych falsified the police report regarding Neita's arrest (the "Arrest Report") by stating that Neita was not arrested until 1:34 p.m. and that the statutory violations discovered at Neita's business were among the bases for Neita's arrest, when in fact Neita had been arrested several hours before the search of his business. (*Id.* ¶¶ 29-30.) Neita did not attach the Arrest Report to his Second Amended Complaint but Defendants have included it along with their motion to dismiss. (Dkt. No. 65 Ex. B.) Because Neita has in his Second Amended Complaint made the Arrest Report central to his falsification allegations, the court may consider the Arrest Report in ruling on Defendants' motion to dismiss without converting it to one for summary judgment. *See Venture Assoc. Corp.* v. *Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (holding that documents attached by a defendant to a motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim"). The Arrest Report confirms his allegations, at least in part. According the Arrest Report, Officers Uldrych and Gage—the latter of whom is not named as a defendant—arrested Neita at 1:34 p.m. and the bases for his arrest were Travis's observations at ACC as well as Animal Control Agent Holcomb's inspection of Neita's business, where he found "8 dogs all left in cages without padding and with no food or water." (Dkt. No. 65 Ex. B at 3.)

On February 17, 2012, Travis made one or more false statements "maligning" Neita and

his business, which were published in the Chicago Tribune and otherwise "widely circulated." (Am. Compl. ¶¶ 31-32.)

On May 22, 2013, all of the charges filed against Neita were "dismissed in a manner indicative of his innocence" when Judge Peggy Chiampis of the Circuit Court of Cook County, Illinois found Neita "not guilty" of all 13 charges. (*Id.* ¶ 33.)

Defendants now move to dismiss all of Neita's renewed claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint's allegations need only to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley* v. *Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. A complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole* v. *Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (quoting *Justice* v. *Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in his favor." *Cole*, 634 F.3d at 903.

ANALYSIS

I.  False Arrest (Count I)

In Count I, Neita attempts to allege a false arrest claim under § 1983 against Raddatz, Uldrych, and Travis. (Am. Compl. ¶¶ 35-37.) Although he states that Defendants' conduct violated his Eighth and Fourteenth Amendment rights, the Eighth Amendment's prohibition on cruel and unusual punishment applies only to individuals convicted of a crime, *Collignon* v. *Milwaukee*, 163 F.3d 982, 987 (7th Cir. 1998), and false arrest claims typically arise under the Fourth Amendment, not the Fourteenth. *See Gonzalez* v. *Vill. of Milwaukee*, 671 F.3d 649, 655 (7th Cir. 2012). In light of the prevailing case law, and because Neita's response brief addresses his false arrest claim as a violation of the Fourth Amendment, the court will do so as well. To prevail on his false arrest claim, Neita must demonstrate that he was arrested without probable cause. *See McBride* v. *Grice*, 576 F.3d 703, 707 (7th Cir. 2009) ("Probable cause is an absolute bar to a § 1983 claim for false arrest.") "An officer has probable cause to arrest if he has reason to believe, in light of the facts known at the time, that the suspect has committed or is about to commit a crime." *Gonzalez*, 671 F.3d at 655 (citations omitted).

In dismissing Neita's first amended complaint, the court determined that Neita's false arrest allegations fell short of the pleading standard articulated in *Iqbal* because he failed to provide factual allegations beyond his "unadorned, the defendant-unlawfully-harmed-me accusation[s]." *Neita* v. *Calandriello*, No. 14 C 1107, 2014 WL 5507481, at *3 (N.D. Ill. Oct. 30, 2014) ("*Neita I*") (quoting *Iqbal*, 556 U.S. at 678). Neita's first amended complaint repeatedly alleged that Defendants arrested him without probable cause, but omitted any factual allegations about the facts and circumstances known to defendants at the time of Neita's arrest. *Id.* at *3; *see also Gonzalez*, 671 F.3d at 655 (holding an officer has probable cause to arrest if he

has reason to believe, in light of the facts known at the time, that the suspect has committed or is about to commit a crime).

Neita's Second Amended Complaint fares no better. His conclusory allegations from the first amended complaint remain but are now supplemented by allegations that "[n]othing [Neita] said or did," nor "[n]othing the [D]efendants could have seen," could have established probable cause for his arrest. (Am. Compl. ¶¶ 18-19.) Conclusory allegations stated in the negative are nonetheless conclusory and do not satisfy Neita's obligation to identify actual factual content establishing the absence of probable cause. Neita's Second Amended Complaint, like his first amended complaint, fails to allege facts that suggest or even allow an inference that Defendants lacked probable cause for his arrest must accordingly be dismissed for failure to meet the pleading standards of Rule 8.

Because the court finds that *Iqbal* requires dismissal of Neita's false arrest claim, the court need not determine whether Travis, who is a City employee but not a police officer, participated in Neita's arrest and, if so, was acting under color of law. The court also need not evaluate Defendants' assertion that the arrest report chronicling Agent Holcomb's inspection of Neita's business, and the subsequent seizure of the dogs in Neita's care, established probable cause for Neita's arrest. Count I of Neita's Second Amended Complaint is dismissed.

II.     Illegal Search and Seizure (Count II)

Count II purports to be an illegal search and seizure claim brought against Raddatz and Uldrych under § 1983, although Neita does not identify the particular conduct giving rise to this claim (or claims); he merely realleges all of the foregoing paragraphs and summarily states that the officers searched and seized his person and property in violation of the Fourth Amendment. (Am. Compl. ¶¶ 38-39.) The court noted the same lack of specificity in ruling on Neita's first

amended complaint but nonetheless analyzed the various Fourth Amendment claims Neita might have had based on his alleged facts. *Neita I*, 2014 WL 5507481, at *3-5. The court will excuse Neita's failure to present proper allegations for a second time. Neita's purported seizure claim concerns the taking of his person, is merely a recitation of his false arrest claim, and will also be dismissed for the reasons explained above. *See Gonzalez*, 671 F.3d at 656 ("'False arrest' is shorthand for an unreasonable seizure prohibited by the Fourth Amendment.") Officers Raddatz's and Uldrych's search of Neita's person, which the court accepts to have been conducted without a warrant, was lawful because the officers searched Neita incident to his lawful arrest. *See Chimel* v. *California*, 395 U.S. 752 (1969). And the search of Neita's business—which according to the arrest report was not even conducted by the Defendants in this case—was authorized by Section 10 of the Illinois Humane Care for Animals Act ("IHCAA"), 510 ILCS 70/10. *See Neita I*, 2014 WL 5507481, at *4 (discussing whether the IHCAA falls within the "closely regulated industry" exception to the warrant requirement).

The only remaining issue is Neita's new allegation that Officers Raddatz and Uldrych searched his car, which the court again presumes occurred without a warrant. (Am. Compl. ¶ 22.) Defendants argue that Neita's new search claim is time-barred and the court agrees. Because § 1983 itself does not provide an explicit statute of limitations, the Seventh Circuit applies the statute of limitations for personal injury in the state where the injury occurred. *See Savory* v. *Lyons*, 469 F.3d 667, 672 (7th Cir. 2006) (collecting cases). In Illinois, the limitations period for § 1983 claims like Neita's is two years. *Id.* The alleged search occurred on February 14, 2012, so the statute of limitations ran on February 14, 2014 (the date on which Neita filed his original complaint). The allegations concerning the search of Neita's vehicle, however, do not appear until Neita's Second Amended Complaint filed on November 25, 2014—9 months after the

statute of limitations had run.

Neita argues that his Second Amended Complaint relates back to the date of his timely filed original complaint. Under Federal Rule of Civil Procedure 15(c)(2), an amended complaint relates back to the date of the original pleading when "the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Id.* The Seventh Circuit has interpreted Rule 15(c)(2) to allow relation back where a new claim is based on the same core of facts but involves a different substantive legal theory than that advanced in the original pleading. *Bularz* v. *Prudential Ins. Co. of Am.*, 93 F.3d 372, 379 (7th Cir. 1996) (citations omitted). The court's examination of Neita's three complaints in this case reveals that his vehicle search claim is not based on the same core facts as his other claims. Although the alleged search of Neita's car, like the other searches, occurred after his arrest for animal cruelty, it was an entirely separate event. The fact that the vehicle search implicates the Fourth Amendment does not bring it within the same "conduct, transaction, or occurrence" as the other alleged searches and therefore does not provide a basis for relation back under Rule 15(c)(2). Accordingly, Neita's claim that Officers Raddatz and Uldrych illegally searched Neita's car is dismissed because it was untimely filed.

III.  Malicious Prosecution (Count IV)[2]

In Count IV, Neita also attempts to allege an Illinois state law malicious prosecution claim against all Defendants. Count IV alleges that each Defendant "knowingly sought to and

---

[2] Because the dismissals based on the court's analysis set out herein leave Neita with no remaining federal claims, the court declines to exercise supplemental jurisdiction over Neita's state law claims pursuant to 28 U.S.C. § 1367(c)(3). Although this court has expended substantial judicial resources on Neita's state law claims when it dismissed them in two earlier opinions, *see Neita I*, 2014 WL 5507481, at *5-6; *Neita* v. *Calandriello,* 2014 WL 3360169, at *1 (N.D. Ill. July 9, 2014), the court will allow them to be repled in state court if Neita desires to do so.

did in fact maliciously prosecute [Neita] on false charges for which they knew there was no probable cause." (Am. Compl. ¶ 45.) Under Illinois law, "to state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) the defendants commenced or continued an original criminal [ ] proceeding; (2) the proceeding terminated in favor of plaintiff; (3) there was an absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Hulbert* v. *Charles*, 938 N.E.2d 507, 512 (Ill. 2010). The absence of any of these five elements "bars a plaintiff from pursuing [his] claim." *Swick* v. *Liataud*, 662 N.E.2d 1238, 1242 (Ill. 1996).

In dismissing Neita's first amended complaint, the court concluded that Neita's failure to provide allegations establishing malice or the absence of probable cause—two necessary elements of a malicious prosecution claim—ultimately barred Neita's claims against Raddatz, Uldrych, and Travis.³ *Neita I*, 2014 WL 5507481, at *5-6. Because Neita's Second Amended Complaint contains no new allegations with regard to Travis, his malicious prosecution claim against her must be dismissed for the same reasons stated in the court's earlier ruling. *Id.*

With regard to Officers Raddatz and Uldrych, Neita contends that his new allegation regarding the falsification of his arrest report satisfies the malice requirement, and remains steadfast in his assertion that the officers lacked probable cause to arrest him. Specifically, Neita contends that he has established malice by alleging that the officers falsely reported the fruits of Agent Holcomb's search of "A Doggie Business" as one of the bases for Neita's arrest. (Dkt. No. 66 at 7-8.) That was impossible, according to Neita, because Agent Holcomb's search occurred after he was arrested. Whether Agent Holcomb's search took place before or after Neita's formal arrest is irrelevant to the question of malice, at least in the context of a malicious prosecution

---

³ The court dismissed Neita's malicious claim against Calandriello on the basis of prosecutorial immunity.

claim, because Neita does not contend that the report misrepresents Holcomb's findings. *See Reed* v. *City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996) (holding officers must withhold or falsify evidence to give rise to a malicious prosecution claim). More problematically, the uncontested veracity of Agent Holcomb's finding that Neita had "8 dogs all left in cages without padding and with no food or water," directly undermines Neita's claim that there was no probable cause for his prosecution. (Dkt. No. 65 Ex. B at 3.) Animal Control seized the dogs after discovering their living conditions and that fact, on its own, establishes probable cause for Neita's prosecution for violation of owner's duties. By introducing the arrest report to bolster his claim of malice, Neita has sabotaged his probable cause argument and pled himself out of court. Because the court finds that Neita's Second Amended Complaint, like his first amended complaint, lacks allegations to establish malice or the absence of probable cause, Neita's claim for malicious prosecution against all Defendants must be dismissed.

IV.  Intentional Infliction of Emotional Distress (Count V)

In Count V, Neita brings a state law IIED claim against all Defendants. Under Illinois law, a plaintiff must prove that: "(1) the defendants' conduct was extreme and outrageous; (2) the defendants knew that there was a high probability that their conduct would cause severe emotional distress; and (3) the conduct in fact caused severe emotional distress." *Swearnigen–El* v. *Cook Cty. Sheriff's Dept.*, 602 F.3d 852, 864 (7th Cir. 2010) (citing *Kolegas* v. *Heftel Broad. Corp.,* 607 N.E.2d 201, 211 (Ill. 1992)). "To meet the 'extreme and outrageous' standard, the defendants' conduct 'must be so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community.'" *Id.* (quoting *Kolegas*, 607 N.E.2d 201).

In dismissing Neita's first amended complaint, the court held that his conclusory statement describing the conduct alleged as "extreme and outrageous, exceeding all bounds of

human decency," was a mere recitation of the law and insufficient to meet to high standard for an IIED claim. *Neita I*, 2014 WL 5507481, at *8. As the court explained in its earlier ruling, every defendant who wins at trial or whose case is dismissed does not, without more, have a viable IIED claim. *Id.* The net result of Neita's "extreme and outrageous" treatment was two misdemeanor criminal charges that were eventually dismissed, and the court has determined that Neita has not alleged facts sufficient to show that the arrest and prosecution preceding his dismissal were defective.

In his response, Neita contends that his new allegation concerning Travis's false statements to the media following the arrest is sufficient to establish an IIED claim. (Dkt. No. 66 at 8.) The court does not agree. Neita's Second Amended Complaint alleges that Travis's statements to the media harmed his business, (Am. Compl. ¶ 32), not that they caused the severe emotional distress required to sustain an IIED claim. The larger issue is that Neita fails to identify the content of the false statements, depriving the court of any opportunity to evaluate whether the statements were indeed extreme and outrageous. Neita's refusal to plead the content of Defendants' allegedly false statements has been a persistent problem throughout this case and has infected nearly all of his claims. And despite being given two opportunities to cure these deficiencies by amending his complaint, Neita continues to rely on conclusory statements devoid of factual content. That is again the case here, and Neita's IIED must again be dismissed for failure to state a claim against any Defendant.

V.      City of Chicago (Count III)

Count III seeks to hold the City liable for Neita's claims against Raddatz, Uldrych, and Travis. Under 745 ILCS 10/9-102, a public entity may pay any tort judgment or settlement for which its employee becomes liable while acting within the scope of his or her employment.

Because the court concludes that Neita has failed to state any claim against any Defendant, there can be no claim for indemnification against Defendants' employer. Count III is dismissed.

## CONCLUSION

For the reasons explained above, Defendants' motion to dismiss [65] Neita's Second Amended Complaint [64] is granted in its entirety. Neita's Second Amended Complaint is dismissed in its entirety because Neita has again failed to plead facts sufficient to establish any of his claims. The court has twice granted Neita leave to amend his complaint following the court's dismissal of his claims and finds that any further amendment of Neita's federal claims would be futile. Consequently, Counts I and II of Neita's Second Amended Complaint are dismissed with prejudice. Counts III, IV, and V are dismissed without prejudice, but the court declines to exercise supplemental jurisdiction. Any further pleading by Neita will have to be in state court. Civil case terminated.

ENTER:

_James F. Holderman_
JAMES F. HOLDERMAN
District Judge, United States District Court

Date: January 29, 2015