IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VAUGHN NEITA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 14 CV 1107 |
| | ) | |
| CITY OF CHICAGO, CHICAGO | ) | Honorable John J. Tharp, Jr. |
| POLICE OFFICERS JANE RADDATZ, | ) | |
| Star #1813, M. ULDRYCH, Star #6501, | ) | |
| and CHERIE TRAVIS, | ) | Magistrate Judge Sheila M. Finnegan |
| | ) | |
| Defendants. | ) | **Jury Demanded** |

## DEFENDANTS' ANSWER TO
## PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COME Defendants, City of Chicago, Jane Raddatz, M. Uldrych, and Cherie Travis by and through their attorneys, Marcie Thorp and Joseph P. Carlasare of SmithAmundsen LLC, and hereby respectfully answer Plaintiff's Second Amended Complaint as follows:

### INTRODUCTION:

1. This is a civil action seeking damages against the defendants for committing acts under color of law, and depriving the plaintiff of his rights as secured by the Constitution, laws of the United States, and the State of Illinois.

**ANSWER: The allegations in this paragraph plead legal conclusions rather than allegations of fact subject to admission or denial. As such, no response is required. To the extent an answer is required, it is denied. Defendants deny any wrongful or illegal conduct.**

### JURISDICTION:

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

**ANSWER: The allegations in this paragraph plead legal conclusions rather than allegations of fact subject to admission or denial. As such, no response is required. To the extent an answer is required, Defendants admit that Plaintiff's attempts to invoke the Court's jurisdiction pursuant to the statutory provision cited.**

### PARTIES:

3. PLAINTIFF VAUGHN NEITA is a citizen of the United States of America, who currently resides in Chicago, Cook County, Illinois.

**ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, but demand strict proof thereof.**

4. DEFENDANTS JANE RADDATZ, Star #1813, M ULDRYCH, Star #6501, were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacity.

**ANSWER: Defendants admit Raddatz and Uldrych were Chicago Police Officers on February 14, 2012. Answering further, Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph as the allegations are vague with respect to "this occurrence" and "the conduct complained of" and plead legal conclusions to which no response is required. Defendants demand strict proof thereof.**

5. DEFENDANT CHERIE TRAVIS was, at the time of this occurrence, a duly authorized agent of the City of Chicago's Department of Animal Care and Control. She engaged in the conduct complained of in the course and scope of her employment and under color of law. She is sued in her individual capacity.

**ANSWER: Defendants admit Travis was employed by the commission on animal care and control on February 14, 2012. Answering further, Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph as the allegations are vague with respect to "this occurrence" and "the conduct complained of" and plead legal conclusions to which no response is required. Defendants demand strict proof thereof.**

6. DEFENDANT CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and at all times relevant was the

employer and principal of Defendants Raddatz, Uldrych, and Travis.

**ANSWER: Defendants admit that the City of Chicago is a municipal corporation incorporated under the laws of the State of Illinois and that Raddatz and Uldrych were its employees. Defendants deny the remainder of the allegations in this paragraph.**

### FACTS

7. At about 10:40 am on or about February 14, 2012, Plaintiff went to Animal Care and Control to relinquish two dogs.

**ANSWER: Defendants admit that on or about February 14, 2012, Plaintiff went to Animal Care and Control. With respect to the remainder of the allegations in this paragraph, Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, but demand strict proof thereof.**

8. One dog, Osa, was physically healthy and well-nurished [sic]; however, Osa was overly aggressive and had attacked a minature [sic] poodle, Puma, that died as a result.

**ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, but demand strict proof thereof.**

9. Prior to Osa's attack of Puma, Plaintiff had no knowledge of, and no reason to suspect, Osa's aggressive temperament.

**ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, but demand strict proof thereof.**

10. Plaintiff had a legal duty to report Osa once learning of its aggressive temperament.

**ANSWER: The allegations in this paragraph plead legal conclusions rather than allegations of fact subject to admission or denial. As such, no response is required. To the extent a response is required, Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, but demand strict proof thereof.**

11. The second dog was named Olive Oil, and she had just given birth to six puppies.

**ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, but demand strict proof thereof.**

12. According to Animal Care and Contorls [sic] full-time staff veterinarian at the time, dogs sometimes eat fecal matter, and during the weening period mother dogs may eat the

fecal matter of their litter.

**ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, but demand strict proof thereof.**

13. After giving birth, Olive Oil started eating the fecal matter of her puppies and became sick.

**ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, but demand strict proof thereof.**

14. Plaintiff took Olive Oil to the veterinarian, but ultimately had to relinquish her in order to protect the health of the six puppies as feeding from her would have resulted in their contamination.

**ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, but demand strict proof thereof.**

15. Defendant Travis, who is not and never has been a veterinarian, called the police; the Defendant Officers responded to her call.

**ANSWER: Admitted.**

16. On or about February 14, 2012, the Defendant Officers and Defendant Travis communicated with each other while at Animal Care and Control.

**ANSWER: Admitted.**

17. During those communications, either Defendant Travis made false statements that caused the Defendant Officers to arrest Plaintiff, the Defendant Officers arrested Plaintiff in spite of Defendant Travis' truthful statements, or the Defendants reached an agreement to arrest Plaintiff without probable cause.

**ANSWER: Denied.**

18. Nothing Plaintiff said or did on February 14, 2012, indicated that he caused any injury to any animal, or that he had neglected any animal.

**ANSWER: Denied.**

19. Nothing the defendants could have seen on February 14, 2012, indicated that Plaintiff caused any injury to any animal, or was neglecting any animal.

**ANSWER: Denied.**

20. On or about February 14, 2012, the defendants acted willfully and jointly in concert with one another when they took Plaintiff into custody despite having neither probable cause nor any other lawful basis to arrest Plaintiff.

**ANSWER: The allegations in this paragraph plead legal conclusions rather than allegations of fact subject to admission or denial. As such, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.**

21. After Plaintiff was taken into custody he was searched.

**ANSWER: Admitted.**

22. The defendants retrieved car keys from Plaintiff's person after their search of him, and used those keys to illegally search Plaintiff's car.

**ANSWER: Denied.**

23. The defendants had no legal basis to search Plaintiff's car.

**ANSWER: The allegations in this paragraph plead legal conclusions rather than allegations of fact subject to admission or denial. As such, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.**

24. At about 12:30 pm, the Defendant Officers left Animal Care and Control and went and searched Plaintiff's business, A Doggie Buisness [sic], located at 1458 N Western, Chicago, IL.

**ANSWER: Denied.**

25. The defendants then caused Plaintiff to be charged with two counts of cruelty to animals in violation of 510 ILCS 70/3.01 and 13 counts of violation of owner's duties in

violation of 510 ILCS 70.0/3. See Complaints, attached hereto as Exhibit1.

**ANSWER: Denied.**

26. Defendant Travis never visited Plaintiff's business and had no knowledge of the condition of any animal at Plaintiff's business.

**ANSWER: Denied.**

27. Nevertheless, Defedant [sic] Travis attested to, or allowed others to attest on her behalf for, 13 counts of violation of owner's duties although she had no reason to believe Plaintiff had violated his owner's duties; or, in the alterntive [sic], the Defendant Officer fradulently [sic] attested to criminal complaints on Defendant Travis' behalf without her knowledge or consent.

**ANSWER: The allegations in this paragraph plead legal conclusions rather than allegations of fact subject to admission or denial. As such, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.**

28. Defendant Travis attested to, or allowed other to attest on her behalf for, 2 counts of animal cruelty although she had no reason to believe Plaintiff had abused any animal or had caused any animal to be malnourished.

**ANSWER: Denied.**

29. In furtherance of the false arrest of Plaintiff, the defendant officers caused false reports to be created and filed.

**ANSWER: Denied.**

30. The arrest report for this incident indicates that the basis for probable cause of Plaintiff's arrest was the purported violations at his business and that he was not arrested until 1:34 pm, after the defendants had searched his business.

**ANSWER: Denied.**

31.     On or about February 17, 2012, Defendant Travis made one or mare false statements maligning Plaintiff and his business that were published in the Chicago-Tribune and widely circulated.

**ANSWER: Denied.**

32.     Plaintiff's business suffered as a result.

**ANSWER: Denied.**

33.     On May 22, 2013, all charges against Plaintiff were dismissed in a manner indicative of his innocence when the Honorable Judge Peggy Chiampis of the Circuit Court of Cook County found Plaintiff not guilty of all 13 charges.

**ANSWER: Denied.**

34.     As a direct and proximate result of the malicious actions of Defendants, Plaintiff was injured, including sustaining loss of freedom, humiliation, embarrassment, the deprivation of his constitutional rights and his dignity, lost time, loss of business revenue, harm to his personal and professional reputation, and attorneys' fees.

**ANSWER: Denied.**

## COUNT I: 42 U.S.C. § 1983 – False Arrest
### Against Defendants Raddatz, Uldrych, and/or Travis

35.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER: Defendants repeat, reallege, and incorporate herein their answers to Paragraphs 1-34 as their answer to this Paragraph, as if fully stated herein.**

36.     The actions of the Defendants, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other lawful justification, constituted deliberate indifference to Plaintiff's rights under the U.S. Constitution in violation of the Fourteenth and Eighth Amendment.

**ANSWER: Denied.**

37. As a direct and proximate result of these Constitutional violations, Plaintiff was caused to suffer great pain, anguish, despair, and the loss of his liberty.

**ANSWER: Denied.**

WHEREFORE, Defendants deny that Plaintiff is entitled to judgment in any sum and pray that the within suit be dismissed with prejudice with the costs of the suit taxed to Plaintiff.

### COUNT II: 42 U.S.C. § 1983 – Illegal Search and Seizure
### Against Defendants Raddatz and Uldrych

38. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER: Defendants repeat, reallege, and incorporate herein their answers to Paragraphs 1-37 as their answer to this Paragraph, as if fully stated herein.**

39. The searches and seizures of Plaintiff's person and property performed willfully and wantonly by Defendant Officers, as detailed above, were in violation of Plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C.§ 1983.

**ANSWER: Denied.**

40. As a proximate result of the above-detailed actions of Defendant Officers, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

**ANSWER: Denied.**

WHEREFORE, Defendants deny that Plaintiff is entitled to judgment in any sum and pray that the within suit be dismissed with prejudice with the costs of the suit taxed to Plaintiff.

### COUNT III: 745 ILCS 10/9-102 - Indemnification
### Against Defendants City of Chicago

41. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER: Defendants repeat, reallege, and incorporate herein their answers to Paragraphs 1-40 as their answer to this Paragraph, as if fully stated herein.**

42. At all times relevant, Defendant City Of Chicgo [sic] was the employer of Defendants Raddatz, Uldrych, and Travis.

**ANSWER: Defendants admit that the City of Chicago was the employer of Raddatz and Uldrych. Defendants deny the remainder of the allegations in this paragraph.**

43. Defendants Raddatz, Uldrych, and Travis committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER: Denied.**

WHEREFORE, Defendants deny that Plaintiff is entitled to judgment in any sum and pray that the within suit be dismissed with prejudice with the costs of the suit taxed to Plaintiff.

### COUNT IV: Malicious Prosecution
### Against All Defendants

44. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER: Defendants repeat, reallege, and incorporate herein their answers to Paragraphs 1-43 as their answer to this Paragraph, as if fully stated herein.**

45. By the actions detailed above, the Defendants knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

**ANSWER: Denied.**

46. Defendant City of Chicago is sued in this Count pursuant to the doctrine of respondeat superior, in that the Defendants performed the actions complained of while on duty and/or in the employ of Defendant City of Chicago, and while acting within the scope

of this employment.

**ANSWER: The allegations in this paragraph plead legal conclusions rather than allegations of fact subject to admission or denial. As such, no response is required. To the extent an answer is required, it is Denied. Defendants deny any wrongful or illegal conduct.**

47. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

**ANSWER: Denied.**

WHEREFORE, Defendants deny that Plaintiff is entitled to judgment in any sum and pray that the within suit be dismissed with prejudice with the costs of the suit taxed to Plaintiff.

## COUNT V: Intentional Infliction of Emotional Distress
### Against All Defendants

48. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER: Defendants repeat, reallege, and incorporate herein their answers to Paragraphs 1-47 as their answer to this Paragraph, as if fully stated herein.**

49. The conduct by defendants described herein was extreme and outrageous, exceeding all bounds of human decency.

**ANSWER: Denied.**

50. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

**ANSWER: Denied.**

51. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system.

**ANSWER: Denied.**

52. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant performed the actions complained of in the employ of defendant City, and while acting within the scope of this employment.

**ANSWER: The allegations in this paragraph plead legal conclusions rather than allegations of fact subject to admission or denial. As such, no response is required. To the extent an answer is required, it is Denied. Defendants deny any wrongful or illegal conduct.**

WHEREFORE, Defendants deny that Plaintiff is entitled to judgment in any sum and pray that the within suit be dismissed with prejudice with the costs of the suit taxed to Plaintiff.

## DEFENDANT'S FIRST SET OF AFFIRMATIVE DEFENSES

NOW COME Defendants, City of Chicago, Jane Raddatz, M. Uldrych, and Cherie Travis by and through their attorneys, Marcie Thorp and Joseph P. Carlasare of SmithAmundsen LLC, and as for their First Set of Affirmative Defenses, pleading in the alternative and making no admissions as to Plaintiff's allegations, hereby state as follows:

### AFFIRMATIVE DEFENSES

1. As to all federal claims, at all times during the events alleged in plaintiff's Second Amended Complaint, a reasonable police officer and/or animal control officer, objectively viewing the facts and circumstances confronting the named defendant officer during the incident which allegedly provides the basis for the present case, would have reasonably believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendant Officers are entitled to qualified immunity from liability. The alleged actions and conduct of Defendant Officers did not cause a constitutional violation, nor did the alleged conduct violate clearly established standards for constitutional conduct of which a reasonably competent police

officer would have known under the circumstances.

2. To the extent that any individual defendant was working as a public employee, she may have been acting in the execution and enforcement of the law. The actions of the named defendants were not willful or wanton. Therefore, the defendants are immune from liability for the claims alleged because public employees are not liable for their acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 1LCS 10/2-202.

3. To the extent that any individual defendant was a public employee serving in a position involving the determination of policy or the exercise of discretion she is not liable for any of the claims alleged. Further, the decisions to arrest and charge plaintiff are discretionary decisions for which a police officer is immune from liability. 745 ILCS 10/2-201.

4. The named defendants are not liable for any of plaintiff's alleged claims because they are public employee acting within the scope of their employment and, as such, they are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

5. The named defendants are not liable to plaintiff because they did not act with malice and without probable cause. 745 ILCS 10/2-208.

6. The defendants are not liable for any of the alleged claims because the acts and/or omissions of plaintiff were the sole proximate cause of any injuries plaintiff may have sustained.

7. Where any of the named defendants may be liable in damages, the total amount of damages to which plaintiff would otherwise be entitled must be reduced by the

application of principles of comparative fault in proportions to the amount of the negligent, willful and wanton and/or intentional conduct of the plaintiff, including committing a criminal offense, and which were the proximate cause of his arrest and alleged injuries.

8. One basis for liability against the City of Chicago is a claim for indemnity. If the named defendants are found not liable to the plaintiff, the City of Chicago is not liable to the plaintiff. 745 ILCS 10/9-102.

9. Another basis for liability against the City of Chicago is a claim for *respondeat superior*. If the named defendants are found not liable to the plaintiff, the City of Chicago is not liable to the plaintiff.

10. To the extent that plaintiff failed to mitigate any of plaintiff's claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by the application of the principle that plaintiff has a duty to mitigate damages attributed to plaintiff by the jury in this case.

## FIRST DEFENSE

11. Plaintiff's Complaint fails to state a claim on which relief may be granted by this Court.

## SECOND DEFENSE

12. At all times during the events alleged in Plaintiff's Second Amended Complaint, a reasonable police officer (and/or law enforcement personnel) in the position of Defendants could have believed that his/her conduct was objectively reasonable and within constitutional limits that were clearly established at the time. Thus, Defendants are entitled to qualified immunity for their actions.

### THIRD DEFENSE

13. All actions of Defendants alleged to have been taken by an official were taken by a person who had a reasonable, good-faith belief that his/her actions were legal and constitutional and, thus, he/she is immune from liability.

### FOURTH DEFENSE

14. That any injuries or damages claimed by the Plaintiff against Defendants were caused, in whole or in part, by negligent, willful and wanton, and intentional conduct of the plaintiff. Even if Defendants are liable in damages, the total amount of damages to which plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, willful and wanton and intentional conduct of plaintiff which was the proximate cause of his alleged injuries.

### FIFTH DEFENSE

15. At the time of the actions alleged in Plaintiff's Complaint, 735 ILCS 5/2-1116 (1992) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%)of the proximate cause of the injury or damage for which recovery is sought.

WHEREFORE, Defendants request that judgment be entered in their favor and against plaintiff, together with costs incurred in defending this suit and any other relief this Honorable Court deems necessary and proper based upon the foregoing affirmative defenses at law.

### JURY DEMAND

Defendants Demand Trial By Jury.

        Respectfully submitted,

        SmithAmundsen LLC

        By:    s/Marcie Thorp
                  One of the Attorneys for
                  Defendants

Marcie Thorp (ARDC #6210275)
Joseph P. Carlasare (ARDC #6308706)
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, IL 60601
Phone: (312) 894-3259
Fax:    (312) 997-1770
E-Mail: mthorp@salawus.com