**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| VAUGHN NEITA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14 C 1107 |
| | ) |
| CITY OF CHICAGO, CHICAGO POLICE | ) |
| OFFICERS JANE RADDATZ, Star #1813, | ) |
| M ULDRYCH, Star #6501, CHERIE | ) |
| TRAVIS, | ) |
| | ) |
| Defendants. | ) **JURY DEMANDED** |

<u>**PLAINTIFF'S MOTION TO COMPEL**</u>

Plaintiff, VAUGHN NEITA, by and through counsel, hereby moves to compel against

the defendants pursuant to Federal Rule of Civil Procedure 37. In support thereof, Plaintiff states

as follows:

1.  On February 6, 2017 counsel conferred in a good faith attempt to resolve the below issues

    pursuant to L.R. 37.2, but were unable to come a mutually agreed upon conclusion.

2.  Defendants did agree to provide numerous revisions to their written discovery during the

    conference. [1][2][3][4][5] Plaintiff seeks an order requiring Defendants to supplement and revise their

---

[1] Defendants agreed to provide addresses, phone numbers, and the subject of testimony of all witnesses disclosed pursuant to Rule 26. Defendants agreed to provide separate interrogatory answers for Defendants Raddatz and Uldrich.

[2] Defendants Raddatz and Uldrich agreed to provide the police reports related to this case sought under Interrogatory 6 and revise their explanation of their denial that defendants acted within the scope of employments and under color of law when arresting Plaintiff pursuant to Interrogatories 19 and 20.

[3] Defendant City of Chicago agreed to revise and actually answer interrogatories 2 through 5 and produce the police reports related to this case, revise and produce answers to interrogatories 9 and 10 related to lawsuits and prior complaints, and interrogatory 14 related to POD cameras.

[4] Defendant Cheri Travis has agreed to revise interrogatory answer 7 to identify police officers at the scene of Plaintiff's arrest as requested, to consider an amendment to interrogatories number 9 and 10 on prior lawsuits and prior discipline or investigations (defendant answered to the effect, "nothing relevant to the claims, defenses, or allegations of this case." She also agreed to answer interrogatory 12 about prior employment. She finally agreed to provide follow up on interrogatories 19-23 related to denial of color of law and affirmative defenses.

[5] With respect to production requests, Defendants have agreed to follow up and answer 13, 14, 15, 18, 19, and 20.

answers within seven days, so that to the extent additional issues arise, Plaintiff may promptly resolve them through consultation and further motions practice, as necessary.

3. Plaintiff now moves to compel several written discovery responses. Attached hereto is Exhibit 1, Defendant Raddatz and Uldrich's Answer to Interrogatories; Exhibit 2, the City of Chicago's Answer to Interrogatories; Exhibit 3, Cheri Travis' Answer to Interrogatories; and Exhibit 4, Defendants' Joint Response To Requests For Production.

4. Because the vast majority of defendants objections are ill-founded, and because the Defendants largely failed to meaningfully answer discovery, Plaintiff requests that the Court order the defense to pay the costs of filing this motion and litigating these issues.

**I.     Exhibit 1 – Defendant Raddatz and Uldrich's Answers To Interrogatories**

5. Plaintiff moves to compel Defendants to respond to interrogatory 13, 14, 15, 16, 17, 21, 22, 23, and 24. See Exhibit 1, pp. 5-7.

6. As this Court is aware from the parties' discussions about whether to delay settlement until interrogatories 13 and 14 were answered, Plaintiff has been eagerly awaiting the answer as to what precipitated his arrest. In accordance with the Seventh Circuit's consideration of the burden of persuasion, where Defendants have the burden to produce prima facie evidence to support a warrantless arrest, see Bogan v. City of Chicago, 644 F.3d 563 (7th Cir. 2011), Plaintiff inquired under Interrogatories 13 and 14 about the laws Defendant police officers claim Plaintiff violated and the facts that supported the violation. See Exhibit 1, p. 5.

7. Although Defendants cite the arrest report, attached hereto as Exhibit 5, and in another case that might be sufficient, the arrest report does not explain why Plaintiff was arrested, except to state that Plaintiff, "walked into the animal care and control . . . with a dead dog and one malnutritioned dog. The dead dog had signs of an attack from another dog." See Exhibit 6,

Arrest Report, p. 3, attached hereto.[6]  Moreoever, Defendants do not cite or explain what laws these defendants believed Plaintiff violated on the basis of those facts, even assuming this is a complete response.  If Defendants rest on this answer, Plaintiff means to move for judgment as a matter of law and would seek a stay of discovery to do so.

8. Defendants' purported objection, that the interrogatory calls for a legal conclusion, is somewhat silly, especially where Fed. R. Civ. P. 33(a)(2) provides that an, "interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. . .."  Police officers apply the Fourth Amendment in the scope of their job duties and are being sued for that application here.  Requiring Defendants to explain themselves, in the comfort of a written format with the advice of counsel, which they are perfectly competent to do, will facilitate a more efficient and better targeted discovery process, where Plaintiff can know what Defendants relied on to arrest him so that he can attempt to meet his burden of persuasion that the officers' claim does not amount to probable cause.

9. Disallowing the discovery, by contrast, permits the Defendants to collude with each other and other witnesses about what might have happened during Plaintiff's arrest, and Defendants' insistence on the deposition of Plaintiff before they answer this fundamental issue suggests that collusion is what Defendants mean to do.  Collusion is a theme of the DOJ report on the Chicago Police Department, a privilege federal litigation should not provide.

10. With respect to interrogatory 15, Defendants' response suffers from a similar deficiency. Defendants conducted a warrantless search of Plaintiff's business, and he is entitled to know

---

[6] The claim in the arrest report that Plaintiff, "was placed into custody on signed complaints that he did not feed, give water, nor did provide veterinary care for at least 10 dogs," is false on its face, since Plaintiff was arrested at Animal Care and Control, long before officials searched Plaintiff's business and trumped up charges of animal abuse, long before any complaints were signed.

the basis for that search, the "conduct and statements" referred to, and the, "other observed conditions on the date of the arrest," referred to in the response. That it calls for application of fact to law is not objectionable under the Fed. R. Civ. P.

11. Defendants outright refused to provide any information about their affirmative defenses asserted in the Answer, as requested in interrogatories 16, 21 and 22. Defendants have the burden to prove their affirmative defenses, and Plaintiff need not make a guess as to how they mean to do that; Defendants must set forth the basis, or the Court should deem these defenses waived.

12. Interrogatory 17 requests the identity of who Defendants claim is responsible for the criminal charges leveled against him. The objection, that the interrogatory calls for a legal conclusion, is not even a proper objection. Plaintiff is entitled to know what Defendants claim.

## II.    Exhibit 2 – Defendant City of Chicago's Answers To Interrogatories

13. Plaintiff moves to compel answers to interrogatories by the City of Chicago, specifically answers to interrogatories 12, 13, and 15.

14. Through the Rule 37 conference, Plaintiff learned that Defendants, through counsel, had searched for and obtained information about the Plaintiff or his business. Defendants claim they were under no obligation to produce that information because they did not save a copy of it, even though Defendants might seek to use such information at Plaintiff's deposition.

15. Accordingly, Defendants must produce the information requested. They are not entitled to keep information secret from Plaintiff that they might use in this litigation where properly requested through discovery. Thus, Defendants should be compelled to answer

Interrogatories 12 and 13 fully or be barred from using the fruits of such searches in the litigation.

16. Interrogatory 15 seeks that the City identify, "the reason or reasons for Defendant Travis' termination from the City of Chicago." Defendant objects on grounds of relevance and that it is overly burdensome. This is not a plausible objection. Why and under what circumstances the City of Chicago terminated Defendant Travis as Administrator of the ACC may reveal admissible evidence of bias, misconduct, dishonesty, impeachment, or a host of other potential uses, under Rules 608, 404, 405, and others. Defendants' objection is borderline frivolous. Moreover, Plaintiff made a similar request for documents, Exhibit 4, p. 6, Request 22. This should be compelled.

### III. Exhibit 3 – Defendant Travis' Answers To Interrogatories

17. Plaintiff seeks to compel answers to interrogatories 4, 7, 16, 17, and 24.

18. A critical point of Plaintiff's arrest concerns Defendant Travis' oral conversations with the Defendants. Interrogatory 4, Exhibit 3, p. 3, requests that Defendants identify any oral conversations about this case, but aside from saying, "nothing beyond oral communication with respect to Defendant Travis," Defendant Travis refuses to identify these conversations further. In order to conduct an orderly deposition and seek discovery of other facts and witnesses, Defendant Travis should be compelled to describe her conversations in a little more detail, like who she spoke with, when , and the subject of her conversations. Defendant refuses to do so.

19. Defendant refuses to identify with whom she discussed Plaintiff's arrest. Exhibit 3, Interrogatory 7, p. 4. This kind of stonewalling should not be permitted.

20. Interrogatory 16, Exhibit 3, p. 6, seeks information about her affirmative defense, but fails to answer the relevant question in any meaningful form, leaving Plaintiff unable to effectively address the defense. The Court should compel a response or deem this defense waived.

21. Interrogatory 17 again seeks information about the parties responsible for the criminal charges. ASA Caliendrello purportedly signed numerous charges on behalf of Defendant Travis, which served in part as the basis for Judge Holderman's dismissal of ASA Calienderello from the case. Plaintiff is entitled to know whether, at a minimum, Defendant Travis intends to blame ASA Caliendrello for those charges, and whether the ASA should be brought back into the case as a defendant. For the same reasons, Defendant Travis should be compelled to answer Interrogatory 24, Exhibit 3, p. 7.

WHEREFORE Plaintiff respectfully requests that this Honorable Court grant his motion to compel, provide Defendants one week to supplement their answers, allow the costs of this motion and litigation of these issues, and provide any such other relief it deems equitable and just.

Respectfully submitted,

By:     /s/ Jared Kosoglad_____

Jared Kosoglad
JARED S. KOSOGLAD, P.C.
22s W. Jackson, Suite 200
Chicago, IL 60606

## CERTIFICATE OF SERVICE

The undersigned attorney on oath states that the foregoing pleading was served on all attorneys of record via the Court's electronic filing system on February 7, 2017.

s / Jared Kosoglad_____