IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VAUGHN NEITA, | ) | |
| Plaintiff, | ) | Case No: 14 CV 1107 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, et al. | ) | |
| Defendants. | ) | **Jury Demanded** |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

NOW COME Defendants Cherie Travis ("Travis"), Officer Jane Raddatz and Officer Melissa Uldrych ("Defendant Officers"), and City of Chicago by and through their attorneys Joseph Carlasare and Marcie Thorp of SmithAmundsen LLC, and for their Response to Plaintiff's to Compel,, state as follows:

### INTRODUCTION:

1. On February 7, 2017, Plaintiff filed his Motion to Compel. Plaintiff alleges that the "vast majority of defendants objections are ill-founded." Document #99, ¶4. This statement is of course hyperbolic. The majority of the objections are not even addressed in Plaintiff's Motion to Compel. Counsel for all Parties have engaged in lengthy and extensive efforts in good faith to resolve all discovery disputes. The majority of the disputes have been resolved and others will continue to be rectified as discovery progresses. Nevertheless, Plaintiff persists in filing the instant Motion to Compel simply as an effort to harass Defendants. This Motion should be denied because all of the issues raised are either moot, in the process of being resolved, improper requests, and/or not appropriate requests at this stage of the litigation.

### Contention Interrogatories:

2. To begin, Defendants incorporate to the extent applicable their M*otion to Extend Deadline Written Discovery Deadlines* and their *Motion to Extend Deadline to Answer*

*Contention Interrogatories*. See Documents #97 and #101. The bulk of Plaintiff's issues with Defendants answer to written discovery were caused by Plaintiff's prolific use of contention interrogatories. As is more fully explained in Defendants' Motion to Extend Deadline to Answer Contention Interrogatories, F.R.C.P. 33 and the common sense recognition that all facts and theories necessary to answer a contention interrogatory may not be known or fully developed until towards the end of the discovery period, this court should direct that these interrogatories be answered after the close of virtually all other discovery. See *Campbell v. Facebook Inc.*, 2015 WL 3533221 (N.D. Cal.) (delaying contention interrogatories until substantial discovery has taken place).

3. Plaintiff is attempting to improperly handicap Defendants by locking them into exhaustive list of any and all facts relating to the probable cause determination at the beginning of discovery when such a summary is more properly suited at the end of discovery. Plaintiff's counsel has already advised that he may move for summary judgment or some other dispositive motion based solely on these interrogatories answers. Plaintiff states, "[i]f Defendants rest on this answer, Plaintiff means to move for judgment as a matter of law and would seek a stay of discovery to do so." See Documents #99, ¶7. Such gamesmanship should not be tolerated in this serious proceeding.

4. There is no justification for why these contention interrogatories should not be left open until all material facts may come to light through the course of discovery. Without any evidence, Plaintiff makes the serious and inflammatory allegation that exercising rights under F.R.C.P. 33 somehow "suggests that collusion is what Defendants mean to do." See Document #99, ¶9. Aside from the offensive and unnecessary nature of this remark, the suggestion makes little sense. *Arguendo*, how does forcing the Defendants to provide an exhaustive and comprehensive

answer to an interrogatory answer, which a party has a right to amend following oral discovery, somehow prevent "collusion?" To the contrary, all it does is increase the likelihood that an important fact will be inadvertently omitted from a written answer where one would not be omitted following a thorough deposition.

5. Plaintiff cites *Bogan v. City of Chicago*, 644 F.3d 563 (7th Cir. 2011) for the proposition that "Defendants have the burden to produce prima facie evidence to support a warrantless arrest." This case has virtually no bearing and offers zero support for the instant Motion to Compel.

6. The *Bogan* case involved § 1983 challenge to warrantless search in which defendants alleged exigent circumstances and the Seventh Circuit held ultimate burden of persuasion is on plaintiff to establish Fourth Amendment violations. See *Id*. All discovery had been completed as "[t]he case was tried before a jury, and the jury returned a verdict in the officers' favor." *Id*. at 563. "The district court later denied Ms. Bogan's motion for judgment as a matter of law and entered judgment for the officers on the jury verdict." *Id*. at 567. As a result, the procedural posture in *Bogan* could not be more dissimilar that that currently facing the court where we are just beginning the discovery process.

7. Moreover, the rule from *Bogan* is also being misinterpreted by Plaintiff. In *Bogan*, the Seventh Circuit affirmed the Northern District's denial of a plaintiff's motion for judgment as a matter of law and entered judgment on jury verdict in officers' favor. Plaintiff appealed. See *Id*. In doing so, the Court explained, "[t]hus, 'employing a criminal burden of proof [in a § 1983 civil action] is contrary to established principles governing civil trials, namely, that the ultimate risk of nonpersuasion must remain squarely on the plaintiff.' *Id*. at 568-71. As the Seventh Circuit explained, '[e]ven if a presumption of unreasonableness arises from the fact of a

3

warrantless search [or entry], **that does not serve in a civil case to shift 'the burden of proof in the sense of the risk of nonpersuasion**.' *Id*. at 568. (quoting Rule 301) (emphasis added). Instead, such 'presumption merely serves to impose on the defendant 'the burden of going forward with evidence to meet or rebut the presumption.' *Id*." "A defendant may satisfy this burden of production by 'produc[ing] evidence of consent or of some other recognized exception to the warrant requirement.' *Id*. "Yet once the defendant has done so, 'the ultimate risk of nonpersuasion must remain squarely on the plaintiff in accordance with established principles governing civil trials.' *Id*. (quoting Ruggiero, 928 F.2d at 563)."

8. In this case, Defendants' evidence regarding the circumstances justifying their conduct will be disclosed through the course of oral discovery. Plaintiff will have a full opportunity to examine any and all witness regarding the totality of circumstances that led them to cause the arrest of Plaintiff. Apparently, this opportunity is not sufficient to Plaintiff as he is now attempting to force that which would ordinarily be developed in hours of deposition testimony into an answer to written interrogatory. This is improper and F.R.C.P. expressly protects defendants having to exhaustively answer these kinds of interrogatories at the nascent stages of litigation.

9. Therefore, Plaintiff's Motion to Compel should be denied with respect to all contention interrogatories.

**Attorney Client Work Product:**

10. Plaintiff's Motion to Compel states:

> "Through the Rule 37 conference, Plaintiff learned that Defendants, through counsel, had searched for and obtained information about the Plaintiff or his business. Defendants claim they were under no obligation to produce that information because they did not save a copy of it, even though Defendants might seek to use such information at Plaintiff's deposition.

4

See Document #99, ¶14.

11. This request both confusing and without a legal basis. Plaintiff neglects to mention that no interrogatory or request for production is pending regarding this respect. Nevertheless, even if a formal request were pending, it encroaches on the work product doctrine. Plaintiff's Counsel is referring to a conversation wherein Defense Counsel referenced numerous internet searches that were performed regarding the Plaintiff. As is routinely done in litigation, Counsel for Defendants personally performed internet searches regarding the Plaintiff. This activity is nothing new. Plaintiff is attempting to transform Defense counsel into his investigator. Such a tactic is improper. "A party cannot be forced to prepare his opponent's case nor to make investigations for his adversary." *The Territory of Alaska v. The Arctic Maid,* 15 Alaska 667, 135 F. Supp. 164 (Terr. Alaska 1955).

12. "Work product," for purposes of attorney work-product doctrine, includes the results of the attorney's own work, and the work of those employed by him or for him by his client, in investigating both the favorable and unfavorable aspects of the case, the information thus assembled, and the legal theories and plan of strategy developed by the attorney, all as reflected in interviews, statements, memoranda, correspondence, briefs, and any other writings reflecting the attorney's impressions, conclusions, opinions, or legal research or theories, and in countless other tangible and intangible ways. Fed. R. Civ. P. 26(b)(3); *Schoenmann v. Federal Deposit Insurance Corporation*, 7 F.Supp.3d 1009 (N.D. Cal. 2014).

13. If Plaintiff's Counsel wishes to perform an internet search regarding his client, he may do so free of charge by utilizing the search engine https://www.google.com/. *If* any document is retrieved from the internet and used at a deposition, it will necessarily be produced at the deposition.

**Information Regarding Termination of Travis**

14. Plaintiff requests the "reason or reasons for Defendant Travis' termination from the City of Chicago." Document #99, ¶16. Such a request is yet another attempt to harass and impugn the character of Ms. Travis without any factual basis or connection to the instant case. The general scope and limits of discovery are set out in Fed. R. Civ. P. 26(b)(1). Under that Rule, the parties may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense." Ms. Travis alleged "termination" has nothing to do with any claim or defense raised in this matter as she stopped working for Animal Care and Control over a month after the events at issue in this case.

15. Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information. *S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc*., 1991 WL 21655, at *2 (E.D.Pa. Feb.15, 1991); see Generally 8 Charles Alan Wright, et al., Federal Practice and Procedure §§ 2007–2013 (2d ed.1990).

16. Defendants respectfully request oral argument on all pending motions before this Honorable Court.

WHEREFORE Defendants Cherie Travis, Officer Jane Raddatz and Officer Melissa Uldrych, and City of Chicago request that this Honorable Court deny Plaintiff's Motion to Compel, as well as grant any other relief this Court finds just and proper.

Respectfully submitted,

SmithAmundsen LLC

By: s/Joseph P. Carlasare_____
One of the Attorneys for Defendants

Marcie Thorp (ARDC #6210275)
Joseph P. Carlasare (ARDC # 6308706)
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, IL 60601
Phone: (312) 894-3309